**PENDA CORPORATION (now TriEnda Corporation), Plaintiff–Appellee,**

**v.**

**The UNITED STATES, Defendant,**

**and**

**Cadillac Products, Inc., Third Party Defendant–Appellant.**

**No. 94–5035.**

United States Court of Appeals, Federal Circuit.

Dec. 22, 1994.

Theodore J. Long, Lathrop & Clark, Madison, WI, argued for plaintiff-appellee. With him on brief were Kenneth B. Axe and Patrick J. G. Stiennon. William F. Conlon, Sidley & Austin, Chicago, IL, argued for plaintiff-appellee. Also on brief was Homer J. Schneider, Leydig, Voit & Mayer, Ltd., Chicago, IL.

George C. Summerfield, Pennie & Edmonds, Washington, DC, argued for third party defendant-appellant. With him on brief were Jonathan A. Marshall and Sandra A. Bresnick, Pennie & Edmonds, of New York City. Also on brief was Richard P. Vitek, Harness, Dickey & Pierce, Troy, MI, of counsel.

Before ARCHER, Chief Judge, and NIES and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

Third-party defendant, Cadillac Products, Inc., appeals the judgment of the United States Court of Federal Claims holding that the claims of Penda Corporation's patent were not invalid and that the U.S. Government used the invention set forth in Penda's patent without license or lawful right. *Penda Corp. v. United States,* 29 Fed.Cl. 533 (1993). The Government, Cadillac's indemnitee, has withdrawn its appeal of this case. Because Cadillac lacks the requisite standing to appeal independently, we dismiss Cadillac's appeal for lack of our jurisdiction.

## I

On July 20, 1988, the U.S. Postal Service awarded Cadillac a contract to supply thermoformed plastic pallets. Penda's U.S. Patent No. 4,428,306 claims pallets constructed of moldable thermoplastic material. On August 31, 1989, Penda filed suit in the Court of Federal Claims [1] seeking the recovery of reasonable and entire compensation under 28 U.S.C. § 1498(a) (Supp. V 1993) for the Government's alleged use, without license or lawful right, of the invention set forth in the '306 patent. On December 13, 1989, the court granted the Government's motion to serve Cadillac with notice pursuant to Court of Federal Claims Rule 14(a)(1).[2] Cadillac joined the action as a third-party defendant.

The defendants challenged the validity of the '306 patent, stating in their answer that the claims of "[t]he patent in suit ... are invalid for failure to comply with the requirements of Title 35 U.S.C. §§ 102, 103 and 112." Despite their initial general allegation of Penda's failure to comply with § 112, the defendants subsequently set forth the following in their Memorandum of Contentions of Fact and Law.[3]

> 33. There are two defenses relevant to the validity of the patent claims being asserted before this Court. First, the claimed invention was obvious to one of ordinary skill in the art at the time the invention was made. 35 U.S.C. § 103. Second, the patentees failed to definitely claim their invention in some of the claims. 35 U.S.C. § 112 ¶ 2.

Nowhere in their Memorandum did the defendants raise the 35 U.S.C. § 112, ¶ 1 issues of enablement and best mode. Moreover, the parties' August 19, 1992 Joint Statement of Issues of Fact and Law addresses the issues of obviousness and claim indefiniteness, but not enablement or best mode.

At trial, the Court of Federal Claims noted that ample prior opportunity existed to raise the issues of enablement and best mode. The court therefore rejected the defendants' several attempts at trial to elicit testimony regarding compliance with § 112, ¶ 1, holding that the defendants had waived these issues. The court also denied the defendants' motion for leave to amend their pleadings to add the § 112, ¶ 1 issues. In a thorough, well-reasoned opinion, the court held that the claims of the '306 patent satisfied the requirements of §§ 103 and 112, ¶ 2, and that the Government used the invention set forth in Penda's patent without license or lawful right. *Penda*, 29 Fed.Cl. at 586. The court thus granted judgment in favor of Penda, ordering recovery from the Government in the amount of $1,476,335.01.

Cadillac and the Government filed their notices of appeal to this court on November 24 and November 26, 1993, respectively. On January 21, 1994, this court granted the Government's unopposed motion to withdraw its appeal. On February 3, 1994, Penda filed a motion to dismiss for lack of jurisdiction in this court on the ground that Cadillac lacked independent standing to maintain its appeal. This court denied Penda's motion and ordered the parties to address the jurisdictional issue in their briefs. *Penda Corp. v. United States*, No. 94–5035 (Fed.Cir. Feb. 17, 1994) (order).

## II

On appeal, Cadillac does not challenge the conclusions of law or the findings of fact of the Court of Federal Claims, but instead asserts that the '306 patent is invalid for failure to satisfy the enablement or best mode requirements of § 112, ¶ 1. Cadillac argues that it did not waive the § 112, ¶ 1

---

1. Effective October 29, 1992, the United States Claims Court became the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506, 4516. For simplicity, we refer to it throughout by its new name.

2. Court of Federal Claims Rule 14(a)(1) states in pertinent part:
   The court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action to appear as a party and assert an interest, if any, herein.

3. The Court of Federal Claims requires each party to file a Memorandum of Contentions of Fact and Law in preparation for the pre-trial conference. Fed.Cl.R. 16(a)(2)(iv) and App.G, ¶ 11.

issues, or alternatively, that it should have been permitted to amend its pleadings to allege such issues. Before any consideration of the merits of these arguments, however, we must decide whether a third-party defendant in the Court of Federal Claims, against which no judgment has been or could be entered, may appeal a judgment against a co-defendant that chooses not to appeal.

■ Cadillac contends that this court may hear its appeal even though the Government is no longer a party because the Federal Circuit has exclusive jurisdiction "of an appeal from a final decision of the United States Court of Federal Claims." 28 U.S.C. § 1295(a)(3) (Supp. V 1993). Cadillac contends that since the judgment against the Government is a final decision of the Court of Federal Claims this court *ipso facto* has jurisdiction to hear the merits of Cadillac's appeal. Cadillac's plain reading of our jurisdictional statute, however, would allow any person to appeal from a final decision of the Court of Federal Claims. Our statutory jurisdiction is constitutionally circumscribed. Cadillac's contention fails to recognize that a party appealing from such a decision must nonetheless have standing to do so. *Cf. Boeing Co. v. Commissioner of Patents & Trademarks*, 853 F.2d 878, 880, 7 USPQ2d 1487, 1488 (Fed.Cir.1988) ("Article III limits the role of the federal courts to adjudication of actual 'cases' and 'controversies.' Standing is one element of the case or controversy requirement, and a requirement for appellate jurisdiction." (citations omitted)). Cadillac therefore must demonstrate that it has independent standing to appeal. Cadillac asserts that it has such standing based on its status as a third-party defendant at trial, its financial interests in the outcome of the trial as the Government's indemnitor, or its risk of being bound by the issues of law and fact decided by the Court of Federal Claims. We consider each of these arguments in turn.

4. The Court of Federal Claims is without jurisdiction to adjudicate the Government's claims against third parties unless (1) the Government's claim is for the recovery of money which it has already paid out to the third party in respect of the transaction or matter which constitutes the subject matter of the suit, or (2) the third party appears and asserts a claim or an interest in a claim against the United States. *See* 41 U.S.C.

## A

■ The parties here do not dispute that Cadillac agreed to indemnify the Government against liability under its contract to supply thermoformed plastic pallets, and that Cadillac thus has "an interest in the subject matter of [a] pending action" before the Court of Federal Claims sufficient to confer third-party defendant status at trial under Rule 14(a)(1). Relying on *Kicklighter v. Nails By Jannee, Inc.*, 616 F.2d 734, 738 n. 1 (5th Cir.1980), Cadillac contends that a third-party defendant has standing to appeal errors in the main case notwithstanding the absence of the defendant on appeal. The judgment, however, from which the third-party defendant in *Kicklighter* sought to appeal was entered against both the defendant and the third-party defendant. In contrast, the judgment of the Court of Federal Claims was not entered against Cadillac. The only judgment before us is one against the Government that the Government is content to satisfy.

Furthermore, the Court of Federal Claims is without jurisdiction to determine Cadillac's contractual obligations to indemnify the Government. *See Carrier Corp. v. United States*, 534 F.2d 250, 251, 194 USPQ 82, 83, 209 Ct.Cl. 267 (1976).[4] A third-party defendant noticed under Rule 14(a)(1) "may assist the [Government] in the defense of the case, or it may offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest." *Bowser*, 420 F.2d at 1060, 164 USPQ at 461 (citations omitted). The grant of third-party defendant status under Rule 14, however, does not affect the jurisdiction of the Court of Federal Claims. As our predecessor court noted, "[a] general appearance by a person may be sufficient to give a court *in personam* jurisdiction over that indi-

§ 114(b) (Supp. V 1993). Furthermore, the Government's claim "for the recovery of money" is intended to apply only to those situations where the Government is sued for money that was incorrectly disbursed to a third party under a mistake of fact or law. *See Bowser, Inc. v. United States*, 420 F.2d 1057, 1062–63, 164 USPQ 460, 463, 190 Ct.Cl. 441 (1970).

vidual, but it has long been held that the actions of a party cannot accord a court subject matter jurisdiction where that jurisdiction is otherwise lacking." *See Uram v. United States,* 216 Ct.Cl. 418, 420–21, 1978 WL 8423 (1978) (order) (citations omitted).

Because of the limited subject matter jurisdiction of the Court of Federal Claims, no claim before that court was directed against Cadillac. From the perspective of the Court of Federal Claims, Cadillac was at most a nominal defendant. In any event, we are unaware of any case in which a court has held that a third-party defendant's status as a party at trial automatically confers Article III standing on such a party seeking appeal. *Cf. Diamond v. Charles,* 476 U.S. 54, 68, 106 S.Ct. 1697, 1706, 90 L.Ed.2d 48 (1986) (holding that a party's status as an intervenor at trial was insufficient alone to confer standing to appeal absent the defendant's participation because the intervenor failed independently to satisfy the requirements of Article III). We hold that Cadillac does not have standing to appeal based solely on its status as a third-party defendant at trial.

### B

■ Cadillac also contends that its potential liability as an indemnitor is a sufficient interest to demonstrate standing to appeal. Penda asserts that because the Court of Federal Claims judgment grants relief only against the Government and makes no independent finding of liability against Cadillac, Cadillac is not an aggrieved party *per se.* Indeed, the law is well-settled that a party lacks standing to appeal from a judgment by which it is not aggrieved. *See Knight v. Alabama,* 14 F.3d 1534, 1556 (11th Cir.1994); 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3902 & n. 5 (2d ed. 1992) (collecting cases).

Relying on *Maine v. Taylor,* 477 U.S. 131, 136, 106 S.Ct. 2440, 2446, 91 L.Ed.2d 110 (1986), Cadillac argues that so long as the would-be appellant has a genuine interest in the outcome of the trial court controversy, a judgment issued specifically against that party is not a prerequisite to confer standing to appeal. In *Maine,* however, the State had

standing to appeal not merely because it had a sufficient interest in the outcome of the controversy as Cadillac asserts, but rather because a federal statute expressly authorized the State of Maine to intervene in the case with "all the rights of a party," 28 U.S.C. § 2403(b) (1988), and another federal statute conferred standing at the Supreme Court to "any 'party relying on a State statute' held invalid under federal law by a Court of Appeals." *Maine,* 477 U.S. at 136, 106 S.Ct. at 2446 (appealing under authority of 28 U.S.C. § 1254(2) (1982), *repealed by* Pub.L. No. 100–352, § 2(a), 102 Stat. 662, 662 (1988)). Cadillac's reliance on *Maine* is thus misplaced. We remain unaware, however, of any case in which a court has held that a party lacks standing to appeal solely because that party is not named in the judgment from which appeal is sought. Therefore, even though the Court of Federal Claims did not enter judgment against Cadillac, we consider whether Cadillac was otherwise aggrieved by the judgment.

The law is well-settled that a party is generally not aggrieved by, and thus lacks standing to appeal from, a judgment rendered against a co-party. *See* 15A Wright & Miller, *supra,* § 3902 & n. 11 (collecting cases); *see also Libby, McNeill, & Libby v. City Nat'l Bank,* 592 F.2d 504, 511 (9th Cir.1978) ("[A] party may only appeal to protect its own interests, and not those of a coparty."); *cf. Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543, 106 S.Ct. 1326, 1332, 89 L.Ed.2d 501 (1986) (dismissing a school board member's appeal for lack of standing in the absence of the co-defendant school district because judgment was entered against the board member only in his official capacity, not in his individual capacity); *McLaughlin v. Pernsley,* 876 F.2d 308, 313 (3d Cir.1989) (dismissing appeal of a preliminary injunction by the third-party defendant because the injunction did not run against that party). Cadillac asserts, however, that its appeal seeks to protect its own considerable interests as the Government's indemnitor, not the interests of the Government.

At the outset, such a contention creates a paradox. Because this court is without jurisdiction to relieve the Government of an ad-

verse judgment from which the Government no longer appeals, Cadillac's appeal essentially asks this court to overturn findings and conclusions of the Court of Federal Claims that are unfavorable to Cadillac, and yet to apply such a holding only to Cadillac. Courts, however, have not recognized standing to appeal where a party does not seek reversal of the judgment but asks only for review of unfavorable findings. *See* 15A Wright & Miller, *supra*, § 3902 & n. 6 (collecting cases).

Even if Cadillac is ultimately held liable to the Government under their indemnification agreement, Cadillac's pecuniary interest in this case is indirect and consequential, rather than direct and immediate. *See Libby*, 592 F.2d at 512. Cadillac is therefore not aggrieved by the Court of Federal Claims judgment against the Government for purposes of determining Article III standing. Cadillac's interest as the Government's indemnitor is thus insufficient to vest Cadillac with independent standing to appeal that judgment. *See Morrison–Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1214 (9th Cir.1987) ("An indirect financial stake in another party's claims is insufficient to create standing on appeal."), *cert. dismissed*, 488 U.S. 935, 109 S.Ct. 358, 102 L.Ed.2d 349 (1988).

### C

■ Cadillac finally contends that it has standing to appeal because the Court of Federal Claims judgment may preclude Cadillac from raising the issue of patent invalidity in any subsequent district court action by the Government concerning Cadillac's liability under the indemnification agreement or by Penda alleging infringement by Cadillac.

Under generally accepted principles, however, the Court of Federal Claims judgment cannot support the assertion of issue preclusion against Cadillac by either the Government or Penda. First, the Government and Cadillac were not adversarial parties before the Court of Federal Claims.

Parties who are not adversaries to each other under the pleadings in an action

involving them and a third party are bound by and entitled to the benefits of issue preclusion with respect to issues they actually litigate fully and fairly as adversaries to each other and which are essential to the judgment rendered.

Restatement (Second) Judgments § 38 (1980). The Government and Cadillac were allies, not adversaries, on all issues in suit before the Court of Federal Claims. The judgment of that court thus cannot support an assertion of issue preclusion by the Government against Cadillac.

Second, Penda could not assert issue preclusion in a subsequent infringement action against Cadillac because Cadillac was only a nominal defendant before the Court of Federal Claims.[5]

A person named as a defendant in an action is not bound by the judgment therein if the subject matter of the action involves an obligation other than his own and that fact is known to the plaintiff.

*Id.* § 37 cmt. f. Because the subject matter of Penda's action in the Court of Federal Claims involved the recovery of § 1498(a) compensation from the Government, i.e., involved an obligation other than Cadillac's, and that fact was known to Penda, the Court of Federal Claims judgment cannot support an assertion of issue preclusion by Penda against Cadillac.

Lastly, neither the Government nor Penda could assert issue preclusion in a subsequent action against Cadillac because our holding today precludes Cadillac, as a matter of law, from obtaining review of the Court of Federal Claims judgment.

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstance[ ]:

(1) The party against whom preclusion is sought could not, as a matter of law, have

5. We note that while Cadillac is presently a licensee of Penda's '306 patent, having entered into a license with Penda during the pendency of this action, an infringement suit might follow the termination of that license.

obtained review of the judgment in the initial action; ....

*Id.* § 28. It is axiomatic that a judgment is without preclusive effect against a party which lacks a right to appeal that judgment. Thus, it is completely circular to argue, as Cadillac does, that it must have a right to appeal to challenge trial holdings when, if such appeal rights are denied, the findings have no preclusive effect.

In sum, Cadillac's argument that it must be given standing to challenge the judgment because of its preclusive effects is unfounded. Cadillac simply bears no risk from that judgment.

### III

For these reasons, we hold that Cadillac lacks the requisite standing to prosecute its appeal. Cadillac's appeal thus presents us with no Article III case or controversy for decision. Cadillac's appeal therefore must be dismissed for want of jurisdiction.

*DISMISSED.*