65 F.3d 187
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ADDITIVE CONTROLS & MEASUREMENT SYSTEMS, INC.,
Plaintiff/Counterdefendant-Appellant,
v.
FLOWDATA, INC., Defendant/Counterclaimant-Appellee.
 No. 94-1453.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Flowdata, Inc. moves to dismiss Additive Controls & Measurement Systems, Inc.'s (Adcon) appeal. Adcon opposes. Flowdata moves for leave to file a reply, with reply attached.
 
 
 2
 A brief background of this procedurally complex patent infringement case is necessary. On August 2, 1993, the United States District Court for the Southern District of Texas entered final judgment in favor of Flowdata and enjoined Adcon from making, using, and selling flowmeters that infringed Flowdata's positive displacement flowmeters (injunction). Adcon's appeal of the final judgment and injunction was subsequently dismissed by this court pursuant to Adcon's motion for voluntary dismissal.
 
 
 3
 During the course of the proceedings in the district court, Galen M. Cotton, Adcon's president, had been dismissed from the case. After judgment was entered, Flowdata sued Cotton for infringement in a separate proceeding. The district court granted summary judgment for Flowdata, concluding that Cotton was bound, through issue preclusion, by the district court's earlier injunction. This court recently reversed that decision. Flowdata, Inc. v. Cotton, No. 95-1013 (Fed.Cir. June 5, 1995).
 
 
 4
 Cotton designed another flowmeter, the TruGear Positive Displacement Flowmeter. Cotton formed TruGear, Inc. and Truflo Instrumentation, Inc. to manufacture and market the TruGear flowmeter. Cotton entered into an agreement with Nice Instrument Sales and Nice Instrument Services (collectively Nice Instrument) to sell and service the TruGear flowmeter. Thereafter, TruGear began manufacturing flowmeters.
 
 
 5
 Flowdata moved to hold Adcon in contempt for violating the injunction. On July 12, 1994, the district court, treating Flowdata's motion as a complaint for modification of the injunction, issued an order that modified the injunction by, inter alia: (1) adding Cotton, Truflo, TruGear, Nice Instrument, and two of Cotton's business associates to the injunction, and (2) directing Cotton, Truflo, TruGear, Nice Instrument, and one of the two business associates to provide an accounting (July 1994 injunction). Adcon timely appealed the July 1994 injunction. However, Cotton, Truflo, TruGear, Nice Instrument, and the two business associates did not appeal.
 
 
 6
 On July 21, 1994, and October 13, 1994, Adcon and Flowdata, respectively, moved for relief from the July 1994 injunction. Adcon argued, inter alia, that the district court could not enjoin the nonparties, i.e., Cotton, Truflo, TruGear, Nice Instrument, and the two business associates. Adcon moved to dismiss and dissolve "certain injunctions" on October 7, 1994. Presumably, Adcon was referring to the July 1994 modified injunction against Cotton and the others.
 
 
 7
 On October 20, 1994, the district court ruled on the July 21 and October 13 motions. The district court denied Adcon's motion, concluding that Cotton, through his "formation of Truflo as well as TruGear for the purpose of thwarting and avoiding the Court's August 2, 1993, injunctive Order," had violated the court's previous "orders." However, the district court granted Flowdata's motion and modified the July 1994 injunction by, inter alia: (1) deleting specific reference to Truflo, TruGear, Nice Instrument, and the two business associates from the general injunction (Cotton's name remained), (2) enjoining Cotton and his immediate family from certain further conduct, and (3) directing Cotton and the corporate entities, i.e., Truflo, TruGear and Nice Instrument, to provide an accounting (October 1994 injunction). None of the parties appealed.
 
 
 8
 TruGear, Truflo, Nice Instrument, and the two business associates subsequently moved for relief from the October 1994 injunction pursuant to Fed.R.Civ.P. 60(b), contending that they could not be enjoined because they were not parties to the underlying lawsuit. None of the Rule 60(b) motions were timely interposed to toll the time for noting an appeal from the October 1994 injunction.
 
 
 9
 On April 26, 1995, the district court denied all three of the Rule 60(b) motions. The district court determined that because Cotton was legally indistinguishable from Adcon and because the district court had authority to enjoin Adcon, the district court had authority to enjoin Cotton and those persons and entities acting in concert with Cotton, i.e., TruGear, Truflo, and Nice Instrument and the two business associates. None of the Rule 60(b) movants appealed.
 
 
 10
 Within 30 days of the district court's ruling on the Rule 60(b) motions, Adcon filed an amended notice of appeal, seeking review of the October 1994 injunction and the April 26, 1995 order. On May 31, 1995, Adcon filed a second amended notice of appeal that sought review of a May 26, 1995 district court order that denied as moot the motion filed by Adcon on October 7, 1994.
 
 
 11
 Flowdata now contends that Adcon's appeal and amended notices of appeal should be dismissed either because Adcon lacks standing to appeal or because Adcon's appeals were untimely. Adcon seeks review of: (1) the July 1994 injunction, (2) the October 1994 injunction, (3) the April 26, 1994 order denying the Rule 60(b) motions, and (4) the May 26, 1994 order denying Adcon's motion to dismiss and dissolve the July 1994 injunction.
 
 
 12
 Adcon is not entitled to seek review of either the July 1994 or October 1994 injunctions because those orders did not affect or place any further restrictions on Adcon. See Penda Corp. v. United States, 44 F.3d 967, 971 (Fed.Cir.1994) (party not affected by order does not have standing to appeal). Instead, those orders were directed to certain conduct of Cotton, Cotton's immediate family, Truflo, TruGear, Nice Instrument, and the two business associates. Adcon could, and did, appeal the August 1993 injunction, but Adcon voluntarily dismissed its appeal of that injunction. Consequently, Adcon may not bootstrap review of the injunction prohibiting it from making, using, and selling flowmeters by virtue of appealing a modified injunction directed at Cotton and the others. See Smith Internat'l, Inc. v. Hughes Tool Co., 759 F.2d 1572, 1576 (Fed.Cir.1985) (law of the case doctrine bars relitigation of decided issues).
 
 
 13
 Further, even assuming that Adcon had standing to appeal the October 1994 injunction, Adcon has not timely appealed that injunction. The injunction was entered on October 20, 1994, and Adcon filed its amended notice of appeal on May 26, 1995. Adcon, however, did not take any action in the interim that tolled the time for filing an appeal.
 
 
 14
 Nor may Adcon appeal the April 26, 1995 order denying TruGear, Truflo, Nice Instrument, and the two business associates' Rule 60(b) motions because Adcon was not one of the parties that filed a Rule 60(b) motion. Adcon did not seek to reopen the judgment and, indeed, the judgment sought to be reopened did not affect Adcon. Thus, Adcon was not affected by that order. See Penda Corp., 44 F.3d at 971.
 
 
 15
 Lastly, Adcon has appealed the May 26, 1995 order denying as moot its motion to dismiss and dissolve the July 1994 injunction. Because Adcon's motion sought relief from an injunction that was not directed toward it, Adcon did not have standing to seek to dissolve and dismiss the injunction and does not have standing to seek review of such injunction here.
 
 
 16
 Accordingly,
 
 IT IS ORDERED THAT:
 
 17
 (1) Flowdata's motion to dismiss is granted.
 
 
 18
 (2) Flowdata's motion for leave to file a reply is granted.
 
 
 19
 (3) Each side shall bear its own costs.