**Bernard Sheldon LEVI, Appellant**

v.

**BROWN & WILLIAMSON TOBACCO CORPORATION, Sued individually and as successor in interest to the American Tobacco Company, et al., Appellees**

No. 04–7096.

United States Court of Appeals, District of Columbia Circuit.

June 26, 2005.

Rehearing En Banc Denied Feb. 15, 2006.

Bernard Sheldon Levi, Minersville, PA, pro se.

Paul Rudolph Reichert, Peter John Biersteker, Jones Day, John David Shakow, King & Spalding LLP, Washington, DC, Stephan J. McConnell, Dechert LLP, Philadelphia, PA, for Appellees.

Before: EDWARDS, SENTELLE, and RANDOLPH, Circuit Judges.

*JUDGMENT*

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the forgoing and appellant's motion for preliminary injunction and temporary restraining order, and the supplement thereto, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed. Appellant's sisters, plaintiffs Darlene Levi–Snipe, Ellen Renee Waring, and Maureen A. Waring, failed to note an appeal in this action, *see* Fed. R.App. Pro. 3(c); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), and appellant may not raise arguments on their behalf, *see Penda Corp. v. United States*, 44 F.3d 967, 971 (Fed.Cir. 1994).

The district court properly dismissed appellant's fraud claim for failure to meet Fed. R. Civ. Pro. 9(b)'s requirement that "[i]n all averments of fraud or mistake, the circumstances constituting fraud shall be stated with particularity." *See United States ex rel. Williams v. Martin–Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256

(D.C.Cir.2004) (Rule 9(b) requires "'the pleader ... state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud'") (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir.1994)). Furthermore, the district court did not abuse its discretion in dismissing appellant's fraud claim without first allowing him an opportunity to amend under Fed. R. Civ. Pro. 15(a) where appellant did not request leave to amend that claim until after his complaint was dismissed. *See Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299–300 (D.C.Cir.1993).

Appellant's bare allegations in his complaint do not touch on each of the elements necessary to make out a cause of action for deceptive trade practice, breach of warranty, and strict product liability. Furthermore, as with his fraud claim, appellant did not plead fraudulent concealment with the requisite particularity required by Rule 9(b). *See Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C.Cir.1996). Appellant's conspiracy claim fails, because he has not made out a claim for an underlying tort. *See Paul v. Howard University*, 754 A.2d 297, 310 n. 27 (D.C.2000). The district court, therefore, properly dismissed appellant's complaint without prejudice for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6).

Because appellant made no mention in his opening brief of his claims for negligence, wrongful death, loss of consortium, right of survivorship, or a constitutional violation, any argument that the district court erred in dismissing those claims is deemed waived. *See SEC v. Loving Spirit Foundation, Inc.*, 392 F.3d 486, 491 (D.C.Cir.2004) ("[T]his court does not consider arguments first offered in a reply brief.").

Finally, the district court did not abuse its discretion when it denied appellant's motions for appointment of counsel. *See* Local Civil Rule 83.11(a)(4)(B). It is

**FURTHER ORDERED** that appellant's motion for preliminary injunction and temporary restraining order be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.