**J.R. LIGGINS, Plaintiff,**

and

**Charles H. Bradford, Plaintiff–Appellant,**

and

**Henry Liggins, Sr., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2006–5049.

United States Court of Appeals, Federal Circuit.

June 7, 2006.

Before GAJARSA, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Henry Liggins, Sr., and Charles H. Bradford (collectively, "appellants") appeal from the final decision of the United States Court of Federal Claims granting the defendant's motion to dismiss for lack of jurisdiction. *Liggins v. United States*, No. 05–391C (Fed.Cl. Nov. 18, 2005). We *affirm*.

## I

Originally, three plaintiffs brought suit against the government. The plaintiffs were Rev. J.R. Liggins, Charles Bradford and Henry Liggins, Sr. The Rev. Liggins did not appeal from the judgment adverse to him, and consequently this appeal is only concerned with Charles Bradford and Henry Liggins, Sr.

The three plaintiffs were involved with the proposed development of a facility to house wayward children and with a non-profit entity named Paradise Village Children's Home, Inc. ("PVCH"). The children's facility was built by PVCH using a federal loan. Upon default of the loan, the children's home was conveyed to the United States. The U.S. Department of Agriculture solicited bids for the children's home. The terms governing the bid procedure required each bidder to deposit 10 percent of the bid amount with the bid.

The appraised value of the children's home was $1,159,200.

Rev. Liggins initially submitted a bid to purchase the children's home. His bid price was the appraised value, or $1,159,200. Rather than submit the required deposit amount of 10 percent of the bid amount ($115,920), Rev. Liggins enclosed one dollar with his bid. This bid was rejected as noncompliant with the stated bidding requirements. Rev. Liggins was notified of the rejection of his bid due to failure to meet the required bid deposit. The government then solicited a new round of bids, and again Rev. Liggins entered a bid with a one dollar deposit. This bid was rejected for noncompliance. Eventually, the children's home was sold to Liberty Care, LLC.

Rev. Liggins, along with Charles Bradford and Henry Liggins, Sr., filed suit against the United States. The complaint alleged that the bidding process created a contract between the United States and the plaintiffs which the government breached by failing to honor Rev. Liggins's first bid. The complaint also alleged that the government was responsible for removal of personal property of the three plaintiffs from the children's home.

## II

The court held that the complaint stated no claim over which the court had jurisdiction. As for the alleged bid process contract claim, the court held that the bid process does not produce a contract which requires acceptance of a nonresponsive bid. With respect to the claim relating to removal of personal property, the facts show that the property disappeared before the government took possession of the children's home, and consequently the government could not be liable for the missing personal property. Citing *Moden v. United States*, 404 F.3d 1335, 1341 (Fed.Cir. 2005), the court held that "[w]hen a com-

plaint presents a claim that is unfounded on any principle of law to the point of frivolousness, dismissal of that claim for lack of subject-matter jurisdiction is appropriate." *Liggins*, slip op. at 17.

## III

■ Rev. Liggins does not appeal the court's final decision. Thus, as to him the case is over. Since he was the plaintiff alleging harm from the rejection of his bid, there is no appeal challenging the rejection of the bid. Since only Rev. Liggins claimed injury from the rejection of his bids, the two remaining plaintiffs-appellants have no injury and therefore lack standing to claim harm from the rejection of Rev. Liggins's bids. *See Penda Corp. v. United States*, 44 F.3d 967, 971 (Fed.Cir. 1994) ("The law is well-settled that a party is generally not aggrieved by, and thus lacks standing to appeal from, a judgment rendered against a co-party.")

■ Since Rev. Liggins does not appeal, the court's dismissal of his claim to lost property is likewise moot. As for the claim of lost property made by Charles Bradford, and Henry Liggins, Sr., the appellants have no response to the court's finding that the property disappeared before the government took possession of the children's home.

We agree with the court that this case wholly lacks merit. No version of the facts produces a cause of action against the United States. We applaud the court for its careful attention to each possible theory that the pro se plaintiffs might have mounted. In the end, as at the beginning, the court was correct to conclude that the complaint is completely devoid of merit.