BROADCOM CORPORATION, Plaintiff–Appellee,

v.

QUALCOMM INCORPORATED, Defendant,

and

Sprint Nextel Corporation, Movant–Appellant.

No. 2008–1262.

United States Court of Appeals, Federal Circuit.

April 18, 2008.

Before LINN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

ON MOTION

PROST, Circuit Judge.

## ORDER

Broadcom Corporation moves to dismiss Sprint Nextel Corporation's appeal, 2008–1262. Sprint Nextel opposes. Sprint Nextel moves (1) to consolidate this appeal with Qualcomm Incorporated's appeal, 2008–1199 and (2) for expedited briefing. Broadcom opposes. Sprint Nextel replies.

Broadcom sued Qualcomm for infringement of three patents. The jury found infringement of the three patents. Sprint Nextel moved for leave to intervene in the district court. On August 10, 2007, the district court denied the motion, inter alia, as late. Sprint Nextel did not timely ap-

peal that order. Subsequently, the district court entered an injunction. Qualcomm appealed the injunction.

On February 7, 2007, Sprint Nextel filed a notice of appeal, seeking review of the August 10 order denying its motion for leave to intervene. We dismissed the appeal on the ground that Sprint Nextel failed to timely appeal from the August 10 order. We stated that although this court might have had jurisdiction over an appeal from the permanent injunction, Sprint Nextel expressly limited its appeal to the order denying its motion for leave to intervene. We also denied Sprint Nextel's alternative motion for leave to intervene in Qualcomm's appeal.

On March 11, 2008, the district court entered a Second Amended and Restated Injunction. The March 11 order made no changes to the original injunction except to specify the sunset-royalty base that Qualcomm would pay Broadcom. On March 21, 2008, Sprint Nextel filed a notice of appeal, seeking review of the Second Amended and Restated Injunction.

We agree with Broadcom that Sprint Nextel's appeal should be dismissed. Sprint Nextel is not entitled to seek review of the Second Amended and Restated Injunction because that order did not affect or place any further restrictions on Sprint Nextel beyond what the previous injunction imposed. *See Penda Corp. v. United States,* 44 F.3d 967, 971 (Fed.Cir.1994) (party not affected by order does not have standing to appeal); *see also Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). Instead, that order only specified the amount that Qualcomm would pay Broadcom in sunset royalties.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

(3) Sprint's remaining motions are moot.