NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE UUSI, LLC, AND OLDNAR CORPORATION,**
*Petitioners.*

---

2013-155

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 12-CV-0216, Judge Mary Ellen Coster Williams.

---

**ON PETITION**

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Petitioners Uusi, LLC and OLDNAR Corporation ("Uusi") ask this court for interlocutory review of an order of the United States Court of Federal Claims denying their motion to dismiss third-party defendants, Grand Haven Stamped Products Co. ("GHSP") and AM General LLC ("AM General") from this suit.

In denying that motion, the Court of Federal Claims found that the third parties had a sufficient interest in this case and that the court had authority to allow them enter an appearance and file pleadings under Court of

Federal Claims Rule 14(b).  That rule specifies, in pertinent part, that the court "may notify any person with the legal capacity to sue or to be sued who is alleged to have an interest in the subject matter of the suit," and upon issuance of notice, "[a] person . . . may file an appropriate pleading setting forth the person's interest in the subject matter of the litigation."

Contending the Court of Federal Claims exceeded its jurisdiction in doing so, petitioners ask us to issue a writ of mandamus compelling the court to dismiss the parties and pleadings.  While mandamus may be used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction," *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943), here we conclude the Court of Federal Claims' ruling was lawful and thus deny the petition.

## BACKGROUND

Petitioners brought this 28 U.S.C. § 1498 action against the government in the Court of Federal Claims.  According to petitioners' complaint, GHSP and AM General manufactured certain remote control switch systems that infringed Uusi's patents and entered into contracts with the government "pursuant to which the accused products are now embodied in the structure of the articles accepted by the Government."

The government moved to issue notice to GHSP and AM General pursuant to Rule 14(b).  It pointed out that GHSP and AM General had an interest in the suit because they manufactured the accused products and contractually agreed to indemnify the government against liability for patent infringement.

After the Court of Federal Claims granted the government's request, GHSP and AM promptly filed answers, asserting, among other things, that Uusi had licensed the patents to the third party defendants, or alternatively, Uusi was barred from bring suit under the doctrines of

waiver, laches, equitable estoppel and judicial estoppel. The third-party defendants' answers also requested attorney's fees, costs, and expenses.

In its order denying petitioners' motion to dismiss, the court explained that "neither GHSP nor AM General has asserted claims against Plaintiffs, and there is no impleader-type claims that must be supported independently by subject-matter jurisdiction."

The Court of Federal Claims further rejected petitioners' argument that GHSP and AM General's pleadings failed to set forth their interest in the subject matter of the litigation. In doing so, the court looked to Uusi's own complaint, which noted that GHSP and AM General had contracted with the government and manufactured the disputed products.

## DISCUSSION

To prevail here, Uusi must show: (1) that they have a clear and indisputable legal right to relief; (2) that there are no adequate alternative legal channels through which petitioners may obtain that relief; and (3) that the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004); *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976).

In attempting to meet that standard, petitioners' primary argument is that the Court of Federal Claims exceeded its jurisdiction in allowing these third parties to participate in this case because the Contract Settlement Act of 1944, upon which Rule 14 was originally modeled, was repealed in 2011.[1] The trial court rejected petitioners' argument, and so do we.

---

[1] The legislative history behind the law repealing 41 U.S.C. § 114, Pub. L. No. 111-350, 124 Stat. 3677 (2011), suggests that the purpose was merely to restate the law

Our reasoning is simple: the judgment of the Court of Federal Claims will not be entered against either AM General or GHSP.  We have characterized a third party participating under Rule 14 as "at most a nominal defendant" where no claim is directed at the third party and the judgment on appeal does not determine the third party's obligations to indemnify the government.  *Penda Corp. v. United States*, 44 F.3d 967, 970-71 (Fed. Cir. 1994).  In such cases, as here, the grant of third party status under Rule 14 "does not affect the jurisdiction of the Court of Federal Claims." *Id.* at 971.

Petitioners suggest that the government and claimant can be the only parties before the Court of Federal Claims absent a statute like the Contract Settlement Act expressly stating otherwise.  But, this argument goes too far: Our cases recognize at least some third-party participation based on the Court of Federal Claims' own rulemaking authority, which itself is supported by statute.  *See Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'n*, 695 F.3d 1310, 1314 (Fed. Cir. 2012); *American Mar. Transp., Inc. v. United States*, 870 F.3d. 1559, 1561 (Fed. Cir. 1989); *see also* 28 U.S.C. §§ 2071(a), 2503(b).

Our decision in *American Maritime*, for instance, addressed the analogous doctrine of third-party intervention.  Relying on Court of Federal Claims Rule 24, we explained that a party could intervene "to protect those interests which are of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment."  870 F.3d. at 1561 (quotation omitted).  We see no reason to deny AM General and GHSP the right to participate in this case merely because they were brought in under Rule

---

and not to make any substantive changes.  *See* H.R. Rep. No. 111-42, at 3 (2009).

14.  Like parties that intervene, the third parties here have voluntarily appeared to "offer additional evidence on [their] own behalf and advance such legal contentions as [they deem] appropriate in the protection of [their] interest." *Penda Corp.*, 44 F.3d at 970.

Petitioners have failed to establish that AM General's and GHSP's answers do more than that.  To be sure, the Court of Federal Claims cannot use its rulemaking authority to expand upon its jurisdiction and adjudicate a claim between private parties.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).  But in this case, as the Court of Federal Claims correctly observed, "neither GHSP nor AM General has asserted claims against [petitioners], and there are no impleader-type claims that must be supported independently by subject-matter jurisdiction."

*Rolls-Royce Limited v. United States,* 364 F.2d 415 (Cl. Ct. 1966), which is cited by both petitioners and respondents, is particularly instructive on this point.  In *Rolls-Royce*, a third party was granted permission to intervene because it had agreed to indemnify the government against liability for patent infringement.  *Id.* at 416.  The third party defendant's answer raised affirmative defenses to plaintiff's principal claim, including patent invalidity, non-infringement, and license, and also raised counterclaims against the plaintiff to recover damages for a breach of contract and for declaratory relief.  *Id.* at 416-17.

The *Rolls-Royce* court noted that the third party defendant's answer did not raise any problems insofar as asserting defenses and representing its interests in the case.  *Id.* at 416.  The court, however, found that it lacked jurisdiction over the third party's counterclaims because it would amount to an adjudication of a dispute between private parties that was not part of the plaintiff's action against the government.  *Id.* at 417-18.  Therefore, the

court held that the counterclaims went beyond the jurisdiction of the court, and accordingly granted a motion to dismiss those claims.

*Rolls-Royce* demonstrates when a third-party answer impermissibly exceeds the scope of the Court of Federal Claim's limited jurisdiction. Here, as in *Rolls-Royce*, there is no jurisdictional concern resulting from the third parties' pleadings merely raising potential defenses paralleling those already raised by the government that could preclude a finding of the government's liability. Unlike in *Rolls-Royce*, however, AM General and GHSP are not seeking affirmance or declaratory relief against Uusi. Accordingly, the pleadings do not raise claims that exceed the Court of Federal Claims' jurisdiction.

Similarly unavailing are Uusi's arguments regarding GHSP and AM General's general requests for attorney fees and costs. Such proceedings are independent and ancillary to a federal court's subject matter jurisdiction. *See generally White v. N. H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939); 13 Wright & Miller, Fed. Prac. & Proc. § 3523.2, at 218-19 (2008).

B.

Uusi alternatively asserts that GHSP and AM General's answers were insufficient to establish their interest in the suit. We review a finding that an answer is sufficient under Rule 14 on mandamus for a "clear abuse of discretion." *See Cheney*, 542 U.S. at 390. We consider a finding to be a clear abuse of discretion only if there is no "rational and substantive legal argument [that] can be made in support of the rule in question[.]" *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

After discussing the references to GHSP and AM General in Uusi's own complaint and the government's motion, the Court of Federal Claims concluded that

"GHSP and AM General have identified their clear interest in the subject matter of this litigation, namely their potential indemnification responsibilities if the Government is found liable to Plaintiffs for patent infringement." The court further recognized that an indemnifier has a sufficient interest in litigation to offer evidence and advance legal arguments appropriate to protect its own interests.

In an attempt to show that GHSP and AM General's answers were insufficient, Uusi argues that they failed to identify any contracts by which the accused products were sold or admit to any indemnification obligations that may give rise to liability against a claim by the government. This argument, however, fails to take into account that the government had already demonstrated the third-party defendants' contractual obligations in its motion for Rule 14 notice. The Court of Federal Claims was thus already aware of its interest in the dispute and why it should be allowed to participate. We therefore cannot say that the court clearly abused its discretion in finding that the answers here were sufficient to demonstrate the third parties' interest in this matter.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.


FOR THE COURT

/s/ Daniel E. O'Toole
    Daniel E. O'Toole
    Clerk of Court