# United States Court of Appeals for the Federal Circuit

05-1220
(Opposition No. 91/118,745)

SHARP KABUSHIKI KAISHA
(also trading as Sharp Corporation),

Appellant,

v.

THINKSHARP, INC.,

Appellee.

Duane M. Byers, Nixon & Vanderhye P.C., of Arlington, Virginia, argued for appellant.  With him on the brief were Robert W. Adams and Michael E. Crawford.

Sherry H. Flax, Saul Ewing LLP, of Baltimore, Maryland, argued for appellee.

Appealed from:  United States Patent and Trademark Office, Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

05-1220
(Opposition No. 91/118,745)

SHARP KABUSHIKI KAISHA
(also trading as Sharp Corporation),

Appellant,

v.

THINKSHARP, INC.,

Appellee.

_____

DECIDED: May 30, 2006

_____

Before NEWMAN, LOURIE, and SCHALL <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Sharp Kabushiki Kaisha, also trading as Sharp Corporation, ("Sharp") appeals the decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board, dismissing Sharp's opposition to the registration by ThinkSharp, Inc. ("ThinkSharp") of the mark THINKSHARP.[1]  We affirm the Board's decision.

## BACKGROUND

---

[1]    <u>Sharp Kabushiki Kaisha v. ThinkSharp, Inc.</u>, 2004 TTAB LEXIS 216, Opposition No. 91118745 (TTAB Mar. 31, 2004) (initial decision); <u>Sharp Kabushiki Kaisha v. ThinkSharp, Inc.</u>, 2004 TTAB LEXIS 659, Opposition No. 91118745 (TTAB Oct. 26, 2004) (decision on reconsideration).

ThinkSharp filed an application to register the word mark THINKSHARP on February 26, 1999, and filed a second application to register the mark THINKSHARP and Design on June 4, 1999. Both marks were designated for use with educational goods and services in the fields of problem solving and critical thinking, and both applications were duly published for opposition. Sharp filed a Notice of Opposition to the word mark registration on May 9, 2000, and to the word-and-design registration on June 28, 2001. In both cases Sharp asserted that THINKSHARP is confusingly similar to and dilutes the family of SHARP trademarks.

ThinkSharp chose to defend only the word mark registration and did not file an answer in the word-and-design opposition. Thus the Board entered a default judgment sustaining Sharp's opposition to the word-and-design mark. Sharp Kabushiki Kaisha v. ThinkSharp, Inc., Opposition No. 91123480 (TTAB Oct. 11, 2002) (default judgment). However, ThinkSharp contested Sharp's opposition to registration of the word mark THINKSHARP. After the TTAB proceedings were completed but before the Board's decision, Sharp asserted that the default judgment in its favor on the word-and-design mark operated as res judicata to preclude ThinkSharp from contesting Sharp's opposition to registration of the word mark.

The Board rejected Sharp's opposition, on two grounds. First, the Board held that Sharp had waived its right to assert res judicata, stating that Sharp had not put ThinkSharp on notice and had not raised the issue until after the TTAB evidentiary proceedings were completed. On the merits, the Board held that confusion was not likely between the word marks SHARP and THINKSHARP. Sharp asked the Board to reconsider. On the res judicata issue, Sharp pointed out that it had properly raised and given notice of the issue,

and produced a copy of a letter to the Board with copy to ThinkSharp, which stated that Sharp intended to rely on the default judgment for res judicata effect. The Board then granted reconsideration, explaining that Sharp's notice letter had been misplaced at the Board.

On reconsideration, the Board observed that the ThinkSharp applications were copending; the Board held that the applicant was entitled to choose to pursue one registration and abandon the other, even after oppositions had been filed. The Board explained that an applicant is not required to defend against multiple oppositions in order to preserve its right to defend against one of them. Thus the Board held that the default judgment on the word-and-design mark did not preclude defending the application to register the word mark. The Board also confirmed its decision that there was not a likelihood of confusion between SHARP and THINKSHARP. Sharp appeals only the decision of the issue of res judicata.

## DISCUSSION

Whether a particular claim is barred by res judicata is a matter of law, and its decision by an administrative agency receives plenary review. See 5 U.S.C. '706(2)(A) (2006) ("The reviewing court shall hold unlawful and set aside agency [conclusions] not in accordance with law . . . ."); Dickinson v. Zurko, 527 U.S. 150, 165 (1999) (the Administrative Procedure Act applies to tribunals of the Patent and Trademark Office); Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000) (reviewing de novo the application of res judicata in a trademark cancellation proceeding).

The term res judicata includes two related concepts: "claim preclusion" and "issue preclusion." The Court has explained the difference between them:

05-1220                                                3

Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect is also referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984) (internal citations omitted). Since the merits of Sharp's opposition to the word-and-design mark were not "litigated and decided," issue preclusion cannot apply. For claim preclusion based on a judgment in which the claim was not litigated, there must be (1) an identity of parties or their privies, (2) a final judgment on the merits of the prior claim, and (3) the second claim must be based on the same transactional facts as the first and should have been litigated in the prior case. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979); Jet, Inc., 223 F.3d at 1362. For res judicata to apply against ThinkSharp it must be on the premise that the issue of likelihood of confusion as to the word mark should have been litigated in the defaulted opposition to the word-and-design mark.

A default judgment can operate as res judicata in appropriate circumstances. See Morris v. Jones, 329 U.S. 545, 550-51 (1947) ("'A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default.'") (quoting Riehle v. Margolies, 279 U.S. 218, 225 (1929)). Sharp argues that the legal effect of the default judgment in the word-and-design opposition is that the Board ruled in favor of Sharp as to the merits of all of Sharp's pleadings in that opposition, and that Sharp's uncontested allegations therein must now be taken as undisputed fact. Sharp states that this precludes the Board's decision in favor of

ThinkSharp in the opposition to the word mark registration. Sharp states that in Board proceedings, as in federal courts, claim preclusion is to be applied where the necessary prerequisites are established.

ThinkSharp argues that the Board was correct in holding that the circumstances concerning the word-and-design mark do not operate as res judicata for the proposed registration of the word mark. Sharp raises the issue of claim "preclusion," not to preclude a claim asserted by ThinkSharp against Sharp, but rather to support its opposition. See 37 C.F.R. '2.116(c) ("The opposition or the petition for cancellation and the answer correspond to the complaint and answer in a court proceeding"). The Supreme Court has cautioned that the offensive use of res judicata should be examined carefully to determine whether it would be unfair to the defendant. See Parklane, 439 U.S. at 330-32. ThinkSharp points out that the marks are not the same, that the merits were not decided, that allegations in pleadings are not proven facts, that precedent is contrary to Sharp's position, and that the Board correctly applied the rules and procedures of trademark practice.

The Board held that ThinkSharp was entitled to choose to pursue the registration of only one of its marks, "rather than defending two oppositions," and distinguished the Board precedent cited by Sharp, as follows:

> This case, however, differs from Miller Brewing Co. v. Coy International Corp. [230 USPQ 675, 678 (TTAB 1986)] in that this is not a situation where the applicant, after a judgment had been entered against it, adopted a second mark in an attempt to avoid the preclusive effect of a previous judgment. The applicant herein began using both its THINKSHARP (typed drawing form) and THINKSHARP and design marks at the same time and indeed both applications were pending at the time judgment was entered in Opposition No. 91123480. Applicant did not file its application to register the mark THINKSHARP in typed drawing form merely as an attempt to evade the preclusive effect of the judgment entered against it in the application to register THINKSHARP and design. Applicant was entitled to decide if it

wanted to pursue the registration of only one of its marks, rather than defending two oppositions.

2004 TTAB LEXIS 659, at *5-6. In Miller Brewing the Board held that it "does not wish to encourage losing parties to insignificantly modify their marks after an adverse ruling and thereby avoid the res judicata effect of the prior adjudication." 230 USPQ at 678. Here, the Board gave weight to the undisputed fact that the separate applications were not filed in order to evade a prior adverse judgment.

It is highly relevant that the default judgment on the word-and-design mark was entered without consideration of the merits. "Precedent cautions that res judicata is not readily extended to claims that were not before the court, and precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial." Kearns v. Gen. Motors Corp., 94 F.3d 1553, 1557 (Fed. Cir. 1996); see Brown v. Felsen, 442 U.S. 127, 132 (1979) (res judicata is "invoked only after careful inquiry"). In Kearns this court cautioned that:

> When applying res judicata to bar causes of action that were not before the court in the prior action, due process of law and the interest of justice require cautious restraint. Restraint is particularly warranted when the prior action was dismissed on procedural grounds.

94 F.3d at 1556. In the present case, not only were the marks different and the prior dismissal solely on default, but res judicata would deny ThinkSharp its day in court without a "clear and persuasive basis for that denial," id. at 1557. The Court in Kremer v. Chemical Construction Corporation, 456 U.S. 461, 485 n.26 (1982) stated that "so long as opposing parties had an adequate opportunity to litigate disputed issues of fact, res judicata is properly applied to decisions of an administrative agency acting in a 'judicial capacity.'" The corollary is that when a party did not have an opportunity to litigate disputed issues, a

decision to permit such litigation is favored. Sharp has not established that the issue of likelihood of confusion as to the word mark should have been litigated in the defaulted opposition to the word-and-design mark. "The public policy underlying the principles of preclusion, whereby potentially meritorious claims may be barred from judicial scrutiny, has led courts to hold that the circumstances for preclusion 'must be certain to every intent.'" Mayer/Berkshire Corp. v. Berkshire Fashions, Inc., 424 F.3d 1229, 1234 (Fed. Cir. 2005) (quoting Russell v. Place, 94 U.S. 606, 610 (1877)).

The purpose of res judicata is salutary, for it protects a party from being required to relitigate the same issue against the same party in a separate action. Parklane, 439 U.S. at 326. However, the imposition of claim preclusion in the present case would not further this purpose, for not only are the marks not identical, but the issues of likelihood of confusion and dilution were not litigated in the defaulted opposition. Precedent and sound administrative policy support the Board's reasoning that a trademark owner is entitled to choose which opposition to defend, when the proceedings are not an attempt to evade the effect of a previous adverse judgment on the merits. See Institut National Des Appellations d'Origine v. Brown-Forman Corp., 47 USPQ2d 1875 (TTAB 1998); Metromedia Steakhouses, Inc. v. Pondco II Inc., 28 USPQ2d 1205 (TTAB 1993). An administrative tribunal has authority to establish procedures and interpretations that facilitate its statutory assignment. See 18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure '4475, at 473-74 (2d ed. 2002) ("a measure of additional flexibility is recognized to defeat preclusion to accommodate the distinctive substantive and procedural policies that may govern agency adjudication"); see also Mayer/Berkshire Corp., 424 F.3d at 1234 ("Caution is warranted in the application of preclusion by the PTO").

We affirm the Board's holding that ThinkSharp's choice to contest only the word mark opposition was not barred by the default judgment in the word-and-design opposition. ThinkSharp was not required to litigate both oppositions in order to preserve the right to litigate one. The Board's decision that <u>res</u> <u>judicata</u> does not apply is

<u>AFFIRMED</u>.