NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-1313
(Cancellation No. 92/047,008)

AMERICAN RICE, INC.,

Appellant,

v.

DUNMORE PROPERTIES S.A.,

Appellee.


Michael S. McCoy, Fulbright & Jaworski L.L.P., for appellant.

Simon L. Moskowitz, Jacobson Holman PLLC, of Washington, DC, for appellee. With him on the brief was Matthew J. Cuccias.

Appealed from:  United States Patent and Trademark Office
                Trademark Trial and Appeal Board.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1313
(Cancellation No. 92/047,008)

AMERICAN RICE, INC.,

Appellant,

v.

DUNMORE PROPERTIES, S.A.,

Appellee.

On appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED: November 16, 2009
_____

Before MICHEL, Chief Judge, PLAGER, and LINN, Circuit Judges.

PER CURIAM.

The Trademark Trial and Appeal Board (the "Board") of the United States Patent and Trademark Office (the "USPTO") denied Petitioner American Rice, Inc.'s ("ARI") motion for time to conduct discovery and also granted Respondent Dunmore Properties, Inc.'s ("Dunmore") motion for summary judgment against ARI's petition to cancel Dunmore's registration of its BINT ALARAB mark. Because the Board correctly barred ARI's claims on grounds of res judicata, we affirm.

## I.    BACKGROUND

Both parties to this appeal are purveyors of rice.  ARI registered the mark ABU BINT with the USPTO for use on its rice (International Class 30 (U.S. Class 46)) on May 11, 1982.  Dunmore subsequently registered the Mark BINT ALARAB on January, 22, 2002 for use on its corresponding rice product.[1]  On February 3, 2003, ARI filed a petition with the USPTO for cancellation of Dunmore's BINT ALARAB mark (the "2003 Petition"), alleging confusion in trade and dilution of its ABU BINT brand owing to the claimed similarity of the marks.  Dunmore answered ARI's petition; however, before the period for discovery scheduled by the Board closed, ARI withdrew its petition without Dunmore's consent.  Consequently, the Board dismissed the petition with prejudice pursuant to Trademark Rule 20114(c) on May 28, 2004.

On January 22, 2007, ARI again filed a petition for cancellation of Dunmore's BINT ALARAB mark (the "2007 Petition"), again alleging confusion in trade and dilution of its mark.  On March 12, 2007, Dunmore filed a motion to dismiss ARI's petition pursuant to Fed. R. Civ. P. 12(b)(6), arguing that ARI's claims were barred by res judicata.  The Board determined, however, that because Dunmore's motion necessarily relied upon matters outside the pleadings (i.e., the order dismissing with prejudice ARI's 2003 petition for cancellation and the pleadings therein) the motion would be treated as one for summary judgment under Fed. R. Civ. P. 56, Trademark Rule 2.127(e), and 37 C.F.R. § 2.127(e).  On June 19, 2007, ARI amended its petition to include allegations

---

[1]    ABU BINT is the English transliteration of the Arabic words meaning "Girl Brand", "Father, Daughter", "Father of a Girl", or "Father of a Daughter" in various dialects.  BINT ALARAB is an English transliteration of the Arabic words meaning "Arab's Girl."

that Dunmore fraudulently obtained its registration of the BINT ALARAB mark. ARI also moved for time to conduct discovery.

On August 15, 2008, the Board denied ARI's motion for time to conduct discovery and, on January 9, 2009, granted Dunmore's motion for summary judgment against ARI's claims, holding that the claims were precluded under the doctrine of <u>res judicata</u>. ARI consequently filed the instant appeal, seeking reversal of the Board's denial of its motion for time for discovery and of its grant of summary judgment.

## II. DISCUSSION

The Board's determination that ARI's claims are barred by <u>res judicata</u> and its grant of summary judgment are questions of law that we reviewed de novo. <u>See</u> <u>Nasalok Coating Corp. v. Nylok Corp.</u>, 522 F.3d 1320, 1323 (Fed. Cir. 2008); <u>Sharp Kabushiki Kaisha v. Thinksharp, Inc.</u>, 448 F.3d 1368, 1370 (Fed. Cir. 2006). We review the Board's denial of ARI's motion for time to conduct discovery for abuse of discretion. <u>Metropolitan Life Ins. Co. v. Bancorp Services, L.L.C.</u>, 527 F.3d 1330, 1336 (Fed. Cir. 2008); <u>see also</u> Fed R. Civ. P. 56(f).

The doctrine of <u>res judicata</u> embraces the two related concepts of claim preclusion and issue preclusion. <u>See</u> 3 Restatement (Second) of Judgments, Introductory Note (1982); <u>see also</u> <u>Nasalok</u>, 522 F.3d at 1323. Claim preclusion refers to "the effect of foreclosing any litigation of matters that never have been litigated, because of a determination that they should have been advanced in an earlier suit." <u>Nevada v. United States</u>, 463 U.S. 110, 129-30 (1983) (A final judgment is "a finality as to the claim or demand in controversy . . . not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible

matter which might have been offered for that purpose") (quoting <u>Cromwell v. County of Sac</u>, 94 U.S. 351, 352 (1877))); <u>see also</u> 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4402 (2d ed. 2002). Issue preclusion, also called collateral estoppel, refers to "the effect of foreclosing relitigation of matters that have once been litigated and decided." Wright, Miller & Cooper, Federal Practice and Procedure § 4402. Because ARI's 2003 Petition for Cancellation was never litigated and decided, but rather was dismissed with prejudice upon ARI's withdrawal of its petition without Dunmore's consent, only the doctrine of claim preclusion is relevant to this case.

Typically, claim preclusion is applied against a plaintiff who initiates an action that is related to a prior action. The test for claim preclusion was set forth by this court in <u>Jet, Inc. v. Sewage Aeration Syst.</u>, 223 F.3d 1360 (Fed. Cir. 2000). Under that test, a claim is precluded when: (1) there is identity of parties (or their privies); (2) there was an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. <u>Jet</u>, 223 F.3d at 1362.

In the case at bar, neither party disputes that the first two conditions of the test have been met, i.e., both parties agree that the parties in the case at bar are identical to the parties in ARI's 2003 Petition for Cancellation, and that the Board's dismissal of ARI's petition with prejudice constituted a final judgment on the merits of the claim. The sole issue, therefore, with respect to the preclusion of ARI's claim under <u>res judicata</u> is whether ARI's petition for cancellation on grounds of confusion and dilution of its mark and fraud are based on the same set of transactional facts as its first petition.

ARI argues that its new petition for cancellation is inevitably based upon material facts that occurred after 2003 Petition and therefore cannot be based upon the same set of transactional facts. ARI does not adduce those material facts; rather, it argues that the burden is on Dunmore to prove that no new material facts have arisen since ARI's prior petition was withdrawn without consent. Moreover, ARI argues that it also needs time to conduct discovery to uncover any material facts that occurred since the withdrawal of the 2003 petition.

However, ARI's 2007 Petition is, with the exception of a single minor, nonmaterial word change, identical to its 2003 Petition.[2] Furthermore, paragraphs 1-10 and 18-23 of ARI's amended 2007 Amended Petition are identical to the paragraphs of the 2007 Petition and, with again a single nonmaterial exception, likewise identical to those of the 2003 Petition. Therefore, in its 2007 Petition and Amended Petition, ARI's claims point to nothing that suggests that its 2007 Petition is in any way unconnected to those same transactional facts alleged in the original 2003 Petition. The court finds, therefore, that the claims of ARI's 2007 Petition and Amended Petition for Cancellation are based in the same set of transactional facts as the original 2003 petition and are consequently barred by res judicata.

Moreover, ARI's claim of fraud against Dunmore points to alleged facts that occurred in 2000 and 2001 connected with Dunmore's application for its mark, and prior to ARI's original Petition for Cancellation. ARI claims that Dunmore falsely executed the declaration in the application for the BINT ALARAB mark, claiming it had the exclusive

---

[2] Paragraph 9 of the 2003 Petition reads, in part: "adjudged to have infringed the '316 Registration"; whereas the same paragraph of the 2007 Petition reads: "adjudged to have infringed Registration No. 1,195,316."

right to use the mark despite knowledge of ARI's mark. In short, ARI now alleges nothing concerning Dunmore's alleged fraud that was not already known to it at the time it filed its first Petition for Cancellation. Moreover, these allegations arise from the same series of transactional facts as its other claims in the 2003 Petition alleging confusion and dilution and could have been raised by ARI in its Petition at that time. Claim preclusion also extends to those claims or defenses that could have been raised in the prior action, as long as they arise from the same series of transactional facts as those in the original claims. See Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1326 (Fed. Cir. 2008) (citing Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 n.2 (9th Cir. 2005)). Because ARI could have litigated these claims in its 2003 Petition for Cancellation, they are likewise barred under the doctrine of res judicata.

With respect to ARI's motion for time for discovery, § 528.06 of the Trademark Trial and Appeal Board's Manual of Procedure ("TBMP") states, in relevant part:

> A party that believes that it cannot effectively oppose a motion for summary judgment without first taking discovery may file a request with the Board for time to take the needed discovery. The request must be supported by an affidavit showing that the nonmoving party cannot, for reasons stated therein, present by affidavit facts essential to justify its opposition to the motion.
>
> It is not sufficient that a nonmoving party simply state in an affidavit supporting its motion under Fed. R. Civ. P. 56(f) that it needs discovery in order to respond to the motion for summary judgment; rather, the party must state therein the reasons why it is unable, without discovery, to present by affidavit facts sufficient to show the existence of a genuine issue of material fact for trial. If a party has demonstrated a need for discovery that is reasonably directed to obtaining facts essential to its opposition to the motion, discovery will be permitted, especially if the information sought is largely within the control of the party moving for summary judgment.
>
> The motion should set forth with specificity the areas of inquiry needed to obtain the information necessary to enable party to respond to the motion for summary judgment.

TBMP § 528.06 (2d ed., rev. 2004).

The Board reviewed ARI's motion and found that it inadequately and insufficiently addressed ARI's need for discovery on the issue of whether the application of res judicata barred ARI's likelihood of confusion, dilution, and fraud claims. The Board found that ARI failed to demonstrate any need for discovery that was reasonably directed to obtaining facts essential to opposing Dunmore's motion for summary judgment. Moreover, the Board found that ARI's ability to respond with respect to the preclusive effect of res judicata was not dependent upon information that was within Dunmore's control.

ARI argues, tautologically, that because it has not had an opportunity to conduct any discovery, the Board abused its discretion in denying ARI's motion for time to conduct discovery on facts it believes are essential to its claims. It contends that discovery is needed with respect to facts that have occurred since ARI's withdrawal of its 2003 Petition. What ARI does not provide, however, is how the nature of any of those facts (whatever they might be) will assist it in overcoming the res judicata bar of its 2007 Petition: the claims in that Petition are identical to those of the 2003 Petition (with respect to the confusion and dilution claims) or arise from the same series of transactional facts (with respect to the claims alleging fraud). Given ARI's failure to meet the requirements of TBMP § 528.06, we cannot say that the Board abused its discretion in denying ARI's motion for time to conduct discovery. Consequently, we affirm the Board' denial of ARI's motion for time for discovery.

### III.    CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.