This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Baxley

Mailed: December 30, 2011

Opposition No. **91196513**
Opposition No. **91196514**

Zachry Infrastructure, LLC

v.

American Infrastructure, Inc.

Before Taylor, Ritchie and Lykos,
Administrative Trademark Judges.

By the Board:

In Opposition No. 91196513, opposer opposes registration of the mark in applicant's application Serial No. 77489679, AMERICAN INFRASTRUCTURE in standard character form for "[b]usiness information management in the field of heavy civil construction; supply services for third parties in the field of construction materials, namely, purchase of aggregate, asphalt, and concrete for other companies" in International Class 35, "[b]uilding construction for residential, commercial, and institutional use; excavation services" in International Class 37, and "[q]uarry services in the nature of stone-crushing" in International Class 40 ("the '679 application").[1] In Opposition No. 91196514,

---

[1] The application includes a claim of acquired distinctiveness under Trademark Act Section 2(f), 15 U.S.C. Section 1052(f), that applicant raised as an alternative basis for registration in a

opposer opposes registration of the mark in applicant's application Serial No. 77979992, AMERICAN INFRASTRUCTURE in standard character form for "[c]onstruction consultation; construction management; construction planning; consultation services for the construction of water and wastewater plants; construction of water and wastewater plants; laying and construction of pipelines; road and highway construction; road and highway paving services; bridge construction" in International Class 37 ("the '992 application"). The '992 application is a child application that was divided from the '679 application.[2] As grounds in both oppositions, opposer alleges that the mark, as used on or in connection with the respective services, is merely descriptive and generic under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1);[3] primarily geographically

---

request for reconsideration of a final refusal of registration under Trademark Act Section 2(e)(2), 15 U.S.C. Section 1052(e)(2), on the ground that the mark is primarily geographically descriptive. The application file indicates that the examining attorney approved the '692 application for publication under Section 2(f).

[2] Applicant incorporated a request to divide the '679 application into the request for reconsideration of the refusal of registration under Section 2(e)(2). The '992 application also includes a claim of acquired distinctiveness under Trademark Act Section 2(f), 15 U.S.C. Section 1052(f), that applicant raised as an alternative basis for registration in a request for reconsideration of a final refusal of registration under Trademark Act Section 2(e)(2), 15 U.S.C. Section 1052(e)(2), on the ground that the mark is primarily geographically descriptive. The application file indicates that the examining attorney approved the '992 application for publication under Section 2(f).

[3] The electronic ESSTA forms of the notices of opposition indicate that opposer is alleging genericness under Trademark Act

descriptive under Trademark Act Section 2(e)(2), 15 U.S.C. Section 1052(e)(2); and generic and that the mark has not acquired distinctiveness under Section 2(f) for the identified services.

The '679 and '992 applications were amended to seek registration under Trademark Act Section 2(f) in the alternative.  However, they were approved for publication as applications seeking registration under Section 2(f) without objection by applicant.[4]

On October 28, 2010, the above-captioned proceedings were consolidated with previously consolidated Opposition Nos. 91192029, 91192030, and 91192031, styled *Zachry American Infrastructure, LLC*[5] *v. American Infrastructure, Inc*.  In Opposition No. 91192029, opposer opposed registration of applicant's application Serial No. 76976619

---

Section 23, 15 U.S.C. Section 1091.  However, Section 23 is not a ground for opposing registration of a mark on the Principal Register.  Accordingly, we treat the notices of opposition as alleging genericness under Trademark Act Section 2(e)(1), 15 U.S.C. Section 1052(e)(1).  See *Concurrent Technologies Inc. v. Concurrent Technologies Corp.*, 12 USPQ2d 1054 (TTAB 1989).

[4] See TMEP Section 1212.02(c) (8th ed. 2011) for procedures related to appealing a refusal and claiming acquired distinctiveness in the alternative.

[5] Opposer contends in its brief in support of its motion for entry of judgment based on the district court decision, which is discussed in detail *infra*, that Zachry American Infrastructure, Inc., which is identified as the opposer in Opposition Nos. 91192029, 91192030, and 91192031 and as a defendant in the civil action, "is now an LLC and the LLC is the party to [Opposition Nos. 91196513 and 91196514]."  Applicant does not dispute this contention.  Accordingly, we treat Zachry American Infrastructure, Inc. and Zachry Infrastructure, LLC as being in privity.

for the mark AMERICAN INFRASTRUCTURE and design in the following form,



("the '619 application") for the same services that are identified in the '679 application.  In Opposition No. 91192030, opposer opposed registration of applicant's application Serial No. 77976963 for the mark ALLAN A. MYERS A COMPANY OF AMERICAN INFRASTRUCTURE and design in the following form,



("the '963 application") for the same services that are identified in the '679 application.  In Opposition No. 91192031, opposer opposed registration of applicant's application Serial No. 77976922 for the mark R.G. GRIFFITH A COMPANY OF AMERICAN INFRASTRUCTURE and design in the following form,

("the '922 application") for the same services that are identified in the '679 application.  The '619, '963, and '922 applications do not include either Section 2(f) claims or disclaimers with regard to the wording AMERICAN INFRASTRUCTURE.  In those proceedings, opposer filed

essentially identical notices of opposition to registration of the involved marks, wherein opposer alleged that the AMERICAN INFRASTRUCTURE component of each of those marks is primarily geographically descriptive, "primarily descriptive," and/or generic and has not acquired distinctiveness. Opposer contended in those cases that the Board should refuse registration of applicant's marks or, in the alternative, require applicant to disclaim the wording AMERICAN INFRASTRUCTURE. In the Board's October 28, 2010 order, all five consolidated proceedings were suspended pending final determination of a civil action styled *American Infrastructure, Inc. v. Zachry Construction Corp. and Zachry American Infrastructure, Inc.,* Case No. 08cv2701, filed in the United States District Court for the Eastern District of Pennsylvania. In the district court case, applicant, as plaintiff, alleged, among other things, false designation of origin, infringement, and unfair competition based on opposer's use of the term AMERICAN INFRASTRUCTURE as part of its name. The affirmative defenses that the defendants in the civil action raised included (1) that applicant's marks are "generic or, at best, descriptive" and (2) that those marks "have neither inherent distinctiveness nor acquired distinctiveness."

In a December 28, 2010 decision, the district court granted summary judgment in the defendants' favor and

dismissed all of applicant's pleaded counts. In particular, the district court determined that applicant "has not pointed to sufficient evidence to create a genuine issue of material fact that the [wording AMERICAN INFRASTRUCTURE] is suggestive," and noted that applicant conceded at oral argument that such wording is descriptive. December 28, 2010 order at 12. The district court further determined that applicant had not "pointed to sufficient evidence to create a genuine issue of fact regarding secondary meaning." *Id.* at 26.

Following final determination of the civil action, opposer, on February 14, 2011, filed a motion with the Board for entry of judgment in all five of the then consolidated oppositions based on the district court's decision, alleging that "the issues as decided by the District Court are [binding on the Board and are] completely dispositive of the issues raised in the [n]otices of [o]pposition." After receiving a series of extensions of time to respond to that motion, applicant, on April 14, 2011, filed (1) express abandonments of the '619, '963, and '922 applications, without opposer's written consent thereto, and (2) a combined brief in response to the motion for entry of judgment and an unconsented motion to amend the '679 and '992 applications to the Supplemental Register.

6

Opposition Nos. **91196513 and 91196514**

The Board, in an April 19, 2011 order, (1) entered judgment against applicant in Opposition Nos. 91192029, 91192030, and 91192031 pursuant to Trademark Rule 2.135, and (2) reset time for remaining briefing in connection with opposer's motion for entry of judgment in Opposition Nos. 91196513 and 91196514 based on the district court decision, which opposer contends is dispositive of the claims in the oppositions, and in connection with applicant's motion to amend the '679 and '992 applications (the subjects of Opposition Nos. 91196513 and 91196514) to the Supplemental Register. Opposer, on April 20, 2011, filed its combined reply brief in support of its motion for entry of judgment and in response to applicant's motion to amend. This filing also included a separate motion for entry of judgment in Opposition Nos. 91196513 and 91196514 on the ground of *res judicata*, based on the Board's entry of judgment in Opposition Nos. 91192029, 91192030, and 91192031. Opposer's motion for entry of judgment based on the district court decision and applicant's motion to amend the '679 and '992 applications to the Supplemental Register have been fully briefed. Applicant has filed a brief in opposition to opposer's motion for entry of judgment in Opposition Nos. 91196513 and 91196514 on the ground of *res judicata*, based on the Board's entry of judgment in Opposition Nos. 91192029, 91192030, and 91192031.

The motion for entry of judgment based on the district court decision as it relates to the three oppositions in which judgment has already been entered by the Board is moot.  As for Opposition Nos. 91196513 and 91196514, opposer contends that the district court's determination that the term AMERICAN INFRASTRUCTURE lacked inherent or acquired distinctiveness is "completely dispositive of the issues raised in the [n]otices of [o]pposition," and is binding upon the Board.  Based thereon, opposer asks that the Board enter judgment in its favor in the above-captioned remaining oppositions.

In opposition to that motion and in support of its motion to amend, applicant contends that the district court made no determination that the AMERICAN INFRASTRUCTURE mark is incapable of distinguishing applicant's services, and that amendment of the '679 and '992 applications to the Supplemental Register is therefore consistent with that decision.  Accordingly, applicant contends Opposition Nos. 91196513 and 91196514 are rendered moot and asks that the Board grant applicant's motion to amend the '679 and '992 applications to the Supplemental Register.

In its reply in support of the motion for entry of judgment based on the district court decision, in opposition to the motion to amend the involved applications to the Supplemental Register, and in support of the motion for

8

entry of judgment on the ground of *res judicata* based on the judgments that were entered in Opposition Nos. 91192029, 91192030, and 91192031, opposer contends that, because the district court did not determine that applicant's marks were capable of acquiring distinctiveness, the district court decision does not entitle applicant to amend the involved applications to the Supplemental Register. Opposer further contends that, because it does not consent to the amendment of the '679 and '992 applications to the Supplemental Register, such amendment is inappropriate until the Board has resolved the genericness claims in the above-captioned proceedings. In addition, opposer contends that, because judgment on the merits was entered in the Board's April 19, 2011 order with regard to its claims in Opposition Nos. 91192029, 91192030, and 91192031 that the wording AMERICAN INFRASTRUCTURE is generic, opposer is entitled to entry of judgment on its genericness claim in Opposition Nos. 91196513 and 91196514 on the ground of *res judicata*.

In its reply in support of its motion to amend and in opposition to opposer's motion for entry of judgment on the ground of *res judicata* based on the entry of judgment in Opposition Nos. 91192029, 91192030, and 91192031, applicant contends that the entry of judgment in those oppositions on April 19, 2011 was "entirely procedural, and did not consider the merits"; and that entry of judgment on the

9

basis of *res judicata* is otherwise unwarranted under the circumstances.

We consider first opposer's motion for judgment in the remaining oppositions based on the asserted preclusive effect of the district court decision, which we consider to present an argument for application of claim or issue preclusion. The term *res judicata* includes two related concepts: claim preclusion and issue preclusion (collateral estoppel). *See Sharp Kabushiki Kaisha v. ThinkSharp Inc*., 448 F.3d 1368, 79 USPQ2d 1376, 1378 (Fed. Cir. 2006). Application of the doctrine of claim preclusion is appropriate when (1) there is an identity of parties or their privies; (2) there was an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *See Jet, Inc. v. Sewage Aeration Systems,* 223 F.3d 1360, 1362, 55 USPQ2d 1355 (Fed. Cir. 2000). As noted *supra*, there is no dispute that the parties in the remaining opposition proceedings are either identical to or in privity with the parties in the civil action. Further, there was a final judgment on the merits in the civil action.

However, the transactional facts at issue are different. In particular, the civil action involved whether applicant's mark, asserted by applicant as plaintiff in the civil action, was distinctive and protectable and whether,

10

if so, opposer's actions, and those of the co-defendant, were actionable; by contrast, the oppositions at issue herein involve applicant's right to registration.[6] That is, the civil action focused on the respective uses and rights to use, whereas the oppositions focus on the right of applicant to register its mark.

Regarding whether the doctrine of issue preclusion or collateral estoppel is applicable herein based on the district court's decision,

> [t]he doctrine of collateral estoppel ... normally will bar the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties, if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim.

*NLRB v. United Technologies Corp*., 706 F.2d 1254, 1260 (2d Cir. 1983). Application of the doctrine of collateral estoppel requires (1) identity of an issue in the current and a prior proceeding, (2) actual litigation of that issue

---

[6] Because applicant's involved mark is the subject of a pending application and not a registration, the district court may have lacked jurisdiction to entertain a counterclaim by opposer to refuse registration of applicant's involved mark. *Dunn Computer Corp. v. Loudcloud Inc*., 57 USPQ2d 1626, 1633 (E.D. Va. 2001). Trademark Act Section 37, 15 U.S.C. Section 1119, states as follows: "In any action involving a **registered mark** the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." (emphasis added). "[A] Section 37 claim must involve an existing 'registered mark,' not one that may come into existence in the future." *Dunn Computer Corp. v. Loudcloud Inc., supra*. See also *Johnny Blastoff Inc. v. Los Angeles Rams Football Co*., 51 USPQ2d 1920 (7th Cir. 1999).

in the prior proceeding, (3) necessity of a determination of the issue in entering judgment in the prior proceeding, and (4) a full and fair opportunity existed, for the party with the burden of proof on that issue in the second proceeding, to have litigated the issue in the prior proceeding. *See Mayer/Berkshire Corp. v. Berkshire Fashions Inc*., 424 F.3d 1229, 76 USPQ2d 1310, 1313 (Fed. Cir. 2005).

In the '679 and '992 applications, applicant seeks registrations under Trademark Act Section 2(f) and, in so seeking, concedes that the involved AMERICAN INFRASTRUCTURE mark is not inherently distinctive and therefore must prove acquired distinctiveness. *See In re MGA Entertainment Inc.*, 84 USPQ2d 1743, 1747 (TTAB 2007); *Congoleum Corp. v. Armstrong Cork Co*., 218 USPQ 528, 535 (TTAB 1983). The issues in Opposition Nos. 91196513 and 91196514 and the civil action are identical insofar as, in the civil action, applicant, as plaintiff, was required to prove that its AMERICAN INFRASTRUCTURE mark was distinctive; similarly, in these oppositions, because the oppositions challenge, in the first instance, applicant's right to obtain registrations on the Principal Register, we also face the question whether applicant's mark has acquired distinctiveness.[7] The issue

---

[7] The motion to amend each application to seek registration on the Supplemental Register does not eliminate the question raised by opposer regarding whether the involved marks have acquired

of the distinctiveness, inherent or acquired, of applicant's mark(s) was actually litigated in the civil action, and applicant had a full and fair opportunity to litigate the issue in the civil action.

To prevail in the civil action, applicant, as plaintiff, would have been required to establish, among other things, that its unregistered AMERICAN INFRASTRUCTURE mark was valid and protectable, i.e., that such mark was either inherently distinctive or had acquired distinctiveness. *See Checkpoint Systems, Inc. v. Check Point Software Technologies, Inc.*, 269 F.3d 270, 279 and 282-84, 60 USPQ2d 1609 (3d Cir. 2001). As noted *supra*, applicant, by seeking registration in the '679 and '992 applications under Trademark Act Section 2(f), has conceded that the involved AMERICAN INFRASTRUCTURE mark is not inherently distinctive and was thus required to show acquired distinctiveness. The district court found that the term "American Infrastructure" had not acquired distinctiveness and, in view of such findings, dismissed applicant's claims. Thus, the determination that such mark had not acquired distinctiveness was necessary to the entry of judgment in the civil action. The district court's finding that the term AMERICAN INFRASTRUCTURE has not

---

distinctiveness. That is, opposer, by opposing the motion to amend, clearly seeks a decision on this pleaded issue.

acquired distinctiveness is binding on the parties, and under the circumstances of this case, also binding on the Board.[8] *American Bakeries Co. v. Pan-O-Gold Baking Co.*, 2 USPQ2d 1208 (D.C. Minn. 1986); TBMP Section 510.02(a) (3d ed. 2011). Accordingly, we find that the doctrine of issue preclusion (collateral estoppel) is applicable herein with regard to opposer's claims in Opposition Nos. 91196513 and 91196514 that the AMERICAN INFRASTRUCTURE mark has not acquired distinctiveness.

We next consider whether the district court judgment has a preclusive effect on opposer's claim that applicant's mark is generic. While applicant's effective concession of lack of distinctiveness obviated opposer's need to prove that applicant's mark is not inherently distinctive, and the district court decision has obviated opposer's need to prove the lack of acquired distinctiveness, it does not follow, as a matter of course, that applicant's claimed mark is generic. *See American Meat Inst. v. Horace W. Longacre, Inc.*, 211 USPQ 712, 723 (TTAB 1981); *In re Sooner Life Insurance Co.*, 207 USPQ 948, 951 (TTAB 1980). Because the district court did not address the issue of genericness and

---

[8] Opposer filed its motion for entry of judgment based on that finding less than two months after the issuance of the December 28, 2010 decision in the civil action. Applicant did not allege in response thereto that the involved mark had acquired distinctiveness through use and/or advertising subsequent to the issuance of that decision, but rather moved to amend the '679 and '992 applications to the Supplemental Register.

did not need to reach that issue in entering summary judgment for opposer in the civil action, we decline to enter judgment on the genericness claims in the above-captioned proceedings based on the December 28, 2010 district court decision.

We now turn to the question whether the remaining genericness claim should be resolved in opposer's favor because of claim preclusion based on the default judgments that were entered in Opposition Nos. 91192029, 91192030 and 91192031 as a result of the abandonment of the '619, '963, and '922 applications. There is no dispute that there is an identity of parties in Opposition Nos. 91192029, 91192030, 91192031 and the remaining opposition proceedings.[9] In addition, the default judgments entered in Opposition Nos. 91192029, 91192030, and 91192031 are considered to be judgments on the merits for purposes of applying the doctrine of claim preclusion.[10] *See Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1328, 55 USPQ2d 1492 (Fed. Cir. 2000). However, our primary reviewing court has declined to apply the doctrine of claim preclusion in a situation similar to that at issue here, involving an

---

[9] See footnote 3, *supra*.

[10] In contrast, because the issue of genericness was not actually litigated in Opposition Nos. 91192029, 91192030 and 91192031, the doctrine of issue preclusion is inapplicable. *See Mayer/Berkshire Corp. v. Berkshire Fashions Inc., supra.*

opposition filed against a word mark, based on entry of a default judgment in an earlier opposition involving the same parties but a mark composed of the same word(s) and a design. *See Sharp Kabushiki Kaisha v. ThinkSharp Inc*., 448 F.3d 1368, 79 USPQ2d 1376, 1378-79 (Fed. Cir. 2006). In *Sharp*, the Federal Circuit determined that entry of default judgment in the opposition to registration of the THINKSHARP and design mark did not warrant application of claim preclusion in a separate opposition to registration of the THINKSHARP word mark, which application had been filed before the default judgment was entered in the first opposition.

Here, as in *Sharp*, the '679 and '992 applications at issue in Opposition Nos. 91196513 and 91196514 were filed during the pendency of the '619, '963, and '922 applications, and the oppositions thereto. As the Federal Circuit found in upholding the Board's ruling in *Sharp* that claim preclusion was inappropriate, "[p]recedent and sound administrative policy support the Board's reasoning that a trademark owner is entitled to choose which opposition to defend, when the proceedings are not an attempt to evade the effect of a previous adverse judgment on the merits." *Id.* at 1379. Thus, when an applicant is defending oppositions against multiple concurrently pending applications, that applicant is entitled to make business decisions as to which

oppositions involving those applications it wishes to defend. That is, an applicant need not litigate all of the oppositions to defend the right to litigate one, or some, of them. *Id.* at 1379-80.

Opposer relies on *Miller Brewing Co. v. Coy International Corp.*, 230 USPQ 675, 678 (TTAB 1986), to support its assertion that claim preclusion should apply in this case. However, the present circumstances differ from those in *Miller*. In *Miller*, the Board applied the doctrine of *res judicata* against an applicant that, *after* a judgment had been entered against it, filed a new application for a second, insignificantly different mark in an attempt to avoid the preclusive effect of a previous judgment. In this case, applicant filed the '679 and '992 applications on June 3, 2008, more than a year prior to the September 23, 2009 commencement of Opposition Nos. 91192029, 91192030 and 91192031. Thus, when applicant filed the '679 and '992 applications, it could not reasonably be expected to know that oppositions would be filed against its '619, '963, and '922 applications.

We are not persuaded by opposer's assertion that *Sharp* is inapplicable here because that case involved a Section 2(d) likelihood of confusion claim rather than the genericness claim that is at issue in these consolidated

17

proceedings.[11]  The Federal Circuit's decision in *Sharp* is not based on the nature of the claim(s) at issue, but instead turns on the fact that the applications in that case were pending prior to the entry of the default judgment and, unlike in *Miller*, were not filed as a means of evading a prior adverse judgment.  Like the applicant in *Sharp*, applicant herein should not be required to defend all five of its then-pending oppositions to preserve its right to litigate two of them.

In addition, the marks in the '679 and '992 applications at issue in these two remaining oppositions differ from the marks in the applications at issue in the three sustained oppositions.  Further, with regard to the '992 application, as noted *supra*, the recited services are entirely different from those recited in the '679, '619, '963 and '922 applications.  Accordingly, we decline to apply the doctrine of claim preclusion based on the judgments that were entered in Opposition Nos. 91192029, 91192030, and 91192031.

In view thereof, (1) opposer's motion for entry of judgment in Opposition Nos. 91196513 and 91196514 based on the district court decision is:  (a) granted with regard to opposer's claims that applicant's mark has not acquired

---

[11] We note that *Miller*, upon which opposer relies in support of its motion, also involved a Section 2(d) claim.

distinctiveness under Trademark Act Section 2(f); and (b) denied with regard to the genericness claims in both proceedings;

(2) opposer's motion for entry of judgment on the genericness claims in Opposition Nos. 91196513 and 91196514 under the doctrine of *res judicata* based on the judgments that were entered in Opposition Nos. 91192029, 91192030, and 91192031 is denied.

Applicant's motion to amend the '679 and '992 applications to the Supplemental Register is deferred until it can be properly considered on summary judgment or at final hearing. *See Enbridge Inc. v. Excelerate Energy Ltd. Partnership*, 92 USPQ2d 1537, 1539 n.3 (TTAB 2009); TBMP Section 514.03 (3d ed. 2011).

Proceedings herein are resumed with regard only to the determination of whether the wording AMERICAN INFRASTRUCTURE is generic for applicant's services. If such wording is found not to be generic and therefore capable of distinguishing applicant's services, then amendment to the Supplemental Register is appropriate, and the motion will not need consideration and can simply be granted.[12] *See* Trademark Act Section 23, 15 U.S.C. Section 1091; *In re*

---

[12] Applications to register marks on the Supplemental Register may not be subject to oppositions. Trademark Act Section 24, 15 U.S.C. Section 1092. Accordingly, we defer consideration of the unconsented motion to amend the '679 and '992 applications to the

*American Fertility Soc.*, 188 F.3d 1341, 51 USPQ2d 1832 (Fed. Cir. 1999).

Under circumstances such as these, the parties may wish to consider stipulating to various facts and to a record that can be considered by the Board to resolve the remaining issue. Cf. *Target Brands, Inc. v. Shaun N.G. Hughes*, 85 USPQ2d 1676 (TTAB 2007).

Dates herein are reset as follows.

| | |
|---|---|
| Answer Due[13] | **1/30/12** |
| Deadline for Discovery Conference | **2/29/12** |
| Discovery Opens | **2/29/12** |
| Initial Disclosures Due | **3/30/12** |
| Expert Disclosures Due | **7/28/12** |
| Discovery Closes | **8/27/12** |
| Plaintiff's Pretrial Disclosures Due | **10/11/12** |
| Plaintiff's 30-day Trial Period Ends | **11/25/12** |
| Defendant's Pretrial Disclosures Due | **12/10/12** |
| Defendant's 30-day Trial Period Ends | **1/24/13** |
| Plaintiff's Rebuttal Disclosures Due | **2/8/13** |
| Plaintiff's 15-day Rebuttal Period Ends | **3/10/13** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

---

Supplemental Register until final resolution of this case. See TBMP Section 514.03 (3d ed. 2011).

[13] Although the proceedings are consolidated, insofar as the Board prefers the pleadings to be complete for each individual case, applicant must file a separate answer in each proceeding. Thereafter, all future submissions should be filed only in the case designated as the "parent," namely Opposition No. 91196513.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

If either of the parties or their attorneys should have a change of address, the Board should be so informed promptly.