THIS ORDER IS A PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

WDJ

May 31, 2024

Opposition No. 91282993

*Hollywood Casinos, LLC and Penn Entertainment, Inc.*

*v.*

*Zarco Hotels Incorporated*

**Before Kuhlke, Larkin, and Elgin,**
 **Administrative Trademark Judges.**

**By the Board:**

This proceeding now comes before the Board for consideration of Applicant's motion, filed December 1, 2023, to dismiss Opposers' amended notice of opposition pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Applicant asserts that Opposers' claims should be dismissed due to claim preclusion based on an earlier opposition proceeding filed by Opposer Hollywood Casinos LLC. The motion is fully briefed.

For the reasons set forth below, we deny the motion.

---

[1] 18 TTABVUE. In this order, the Board cites to the proceeding record by the TTABVUE docket entry number and TTABVUE page number, in accordance with the guidance provided in TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) §§ 106.03, 702.05 and 801.01 (2023). The number preceding TTABVUE corresponds to the docket entry number, and any number(s) following TTABVUE refer to the page number(s) of the docket entry where the cited materials appear.

### I.     Preliminary Matters

### A.     Motion Construed as One for Summary Judgment

As an initial matter, if, on a motion to dismiss, matters outside the pleading are submitted and not excluded by the Board, the motion will be treated as a motion for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d); *see Haider Cap. Holding Corp. v. Skin Deep Laser MD, LLC*, 2021 USPQ2d 991, at \*1-2 (TTAB 2021) (construing motion to dismiss as motion for summary judgment where basis is claim preclusion and moving party relies on matter outside of pleadings); *Urock Network, LLC v. Sulpasso,* 115 USPQ2d 1409, 1410 n.5 (TTAB 2015) (motion to dismiss considered as one for summary judgment where it asserts claim preclusion).[2] Ordinarily, the parties to the proceeding will be notified that the motion to dismiss is being treated as a motion for summary judgment, and they will be given a reasonable opportunity to present all material made pertinent to such a motion by Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). Such notice may be unnecessary, however, in those cases where the parties themselves clearly have treated a motion to dismiss for failure to state a claim as a motion for summary judgment, and the nonmoving party has responded to the motion on that basis. *See Selva & Sons, Inc. v. Nina Footwear,*

---

[2] Applicant has not yet made its initial disclosures. In general, a party may not file a motion for summary judgment until the party has made its initial disclosures. Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1); *Qualcomm, Inc. v. FLO Corp.*, 93 USPQ2d 1768, 1769-70 (TTAB 2010). However, this rule has two exceptions: 1) a motion asserting lack of jurisdiction by the Board; or 2) a motion asserting claim or issue preclusion. Trademark Rule 2.127(e)(1); *Zoba Int'l Corp. v. DVD Format/LOGO Licensing Corp.,* 98 USPQ2d 1106, 1108 n.4 (TTAB 2011) (motion to dismiss considered as one for summary judgment where it asserts claim preclusion); *see also* TBMP § 503.04. Because this motion is based on claim preclusion, and we sua sponte treat it as a summary judgment motion, the motion is not premature.

*Inc.*, 705 F.2d 1316, 217 USPQ 641, 646 (Fed. Cir. 1983); *Haider Cap.*, 2021 USPQ2d 991, at \*2 (motion to dismiss converted to summary judgment on issue of claim preclusion where non-movant did not object to matters outside the pleadings and engaged motion to dismiss on the merits); *Institut National Des Appellations d'Origine v. Brown-Forman Corp.*, 47 USPQ2d 1875, 1876 n.1 (TTAB 1998) (both parties submitted evidentiary materials outside the pleadings in support of and in opposition to a Fed. R. Civ. P. 12(b)(6) motion); TBMP § 504.03.

Here, Applicant submitted with its motion portions of the record in prior Opposition No. 91203686 and its subsequent appeal to the Federal Circuit Court of Appeals that form the basis for Applicant's assertion of claim preclusion. Applicant and Opposers have clearly treated the motion as one for summary judgment, and we do as well, because both parties cite to the evidence submitted with, and argue the merits of, Applicant's motion.

###    B.    Unpleaded Defense

Applicant has not yet filed an answer to the notice of opposition or amended notice of opposition, so it has not yet pleaded claim preclusion as an affirmative defense. Generally, a party may not obtain summary judgment on an issue that has not been pleaded. However, if the parties, in briefing a summary judgment motion, have treated an unpleaded issue on its merits and the nonmoving party has not objected to the motion on the ground that it is based on an unpleaded issue, the pleadings may be deemed amended, by agreement of the parties, to allege and defend the issue. *See NPG Records, LLC v. JHO Intell. Prop. Holdings, LLC*, 2022 USPQ2d 770, at \*14 n.

28 (TTAB 2022) (pleadings deemed amended where nonmoving party did not object to motion on improperly pleaded claim and treated motion on its merits); *see also* TBMP § 528.07(a). Here, Applicant has not yet filed its answer to the notice of opposition so there is no pleading to be amended. Nonetheless, inasmuch as Opposers have not objected to Applicant's allegations based on claim preclusion and have opposed the motion on its merits, we will consider the defense solely for the purposes of summary judgment.

## II.    Background

Applicant owns application Serial No. 97118996 for the standard character mark HOLLYWOOD HOTEL ("HOTEL" disclaimed, and which claims acquired distinctiveness for the mark in whole under Section 2(f) of the Trademark Act, 15 U.S.C. § 1052(f)) for the following services in International Class 43:

> Bar and cocktail lounge services; Hotel, restaurant and catering services; Providing social meeting, banquet and social function facilities; Provision of conference, exhibition and meeting facilities; all of the foregoing excluding the provision of, and facilities offering, casino services, casino-style games, betting, gambling, gaming machines, gaming contests, wagering games, slot games, and horse races.[3]

Opposers Penn Entertainment, Inc., and its wholly-owned subsidiary Hollywood Casinos, LLC, filed a notice of opposition in which they have pleaded ownership of the following registrations:[4]

| Reg. No. | Mark | Services |
|---|---|---|
| 1851759 | HOLLYWOOD CASINO ("CASINO" disclaimed) | Casino services in Class 41 |

---

[3] Filed November 10, 2021 under a Section 1(a), 15 U.S.C. § 1051(a), use in commerce basis.
[4] While Opposers both plead ownership of the registrations, Hollywood Casinos, LLC is identified as the owner in the registrations in the Office database. *See* 14 TTABVUE 19-82.

| 1903858 | HOLLYWOOD CASINO ("CASINO" disclaimed) | Hotel services in Class 42 |
|---|---|---|
| 1949319 | **HOLLYWOOD** *Casino* ("CASINO" disclaimed) | Hotel services in Class 42 |
| 4399889 | **HOLLYWOOD** *Casino* ("CASINO" disclaimed) | Casino services; Entertainment in the nature of horse races, nightclubs, variety and comedy shows, in Class 41<br>Bar services; Restaurant services, in Class 43 |
| 4400203 | HOLLYWOOD CASINO ("CASINO" disclaimed) | Retail store services featuring a wide variety of consumer goods of others; retail store services featuring clothing and fashion accessories; retail souvenir store services, in Class 35<br>Entertainment in the nature of horse races; live performances featuring musicians, singers, comedians and professional fighting; nightclub services; museum services; providing live sporting events, namely, poker tournaments, in Class 41<br>Restaurant, bar and cocktail lounge services, coffee shops; banquet and catering services; provision of accommodation and facilities for meetings; rental of banquet and social function facilities for special occasions, namely, wedding receptions, birthday parties, bachelor and bachelorette parties, in Class 43 |
| 4629458 | **HOLLYWOOD** *Gaming* ("GAMING" disclaimed) | Entertainment, namely, conducting horse races; providing facilities for patrons to play video lottery terminals and other games of chance, in Class 41<br>Restaurant services; Bar services, in Class 43 |
| 4629459 | HOLLYWOOD GAMING ("GAMING" disclaimed) | Entertainment, namely, conducting horse races; providing facilities for patrons to play video lottery terminals and other games of chance, in Class 41<br>Restaurant services; Bar services, in Class 43 |
| 5029902 | HOLLYWOOD GAMING ("GAMING" disclaimed for Class 41) | provision of facilities for business meetings, in Class 35<br>Entertainment services, namely, casino gaming; gaming facilities featuring slot machines; live performances featuring |

| | | |
|---|---|---|
| | | musicians, singers, and comedians; nightclub services, in Class 41<br><br>Sports bars; pizza parlors; coffee-house and snack-bar services; providing food and drink services for others in the nature of self-service and take-out restaurants located in food courts; providing banquet facilities and catering services; providing temporary accommodations and providing general purpose facilities for meetings; rental of general purpose facilities, namely, banquet and social function facilities for special occasions, namely, wedding receptions, birthday parties, bachelor and bachelorette parties, trade shows, parties and special events for social entertainment purposes, fundraisers, class reunions, and corporate and association meetings, in Class 43 |
| 5052475 | HOLLYWOOD *Gaming*<br><br>("GAMING" disclaimed for Class 41) | provision of facilities for business meetings, in Class 35<br><br>Entertainment services, namely, casino gaming; gaming facilities featuring slot machines; live performances featuring musicians, singers, and comedians; nightclub services, in Class 41<br><br>Sports bars; pizza parlors; coffee-house and snack-bar services; providing food and drink services for others in the nature of self-service and take-out restaurants located in food courts; providing banquet facilities and catering services; providing temporary accommodations and providing general purpose facilities for meetings; rental of general purpose facilities, namely, banquet and social function facilities for special occasions, namely, wedding receptions, birthday parties, bachelor and bachelorette parties, trade shows, parties and special events for social entertainment purposes, fundraisers, class reunions, and corporate and association meetings, in Class 43 |

| 5100555 | HOLLYWOOD CASINO ("CASINO" disclaimed) | Entertainment services, namely, providing computer games, games of chance and wagering games through a computer, social networking or mobile platform; on-line casino services; providing on-line information about casinos, gambling and general news about the gaming industry; providing information regarding sporting events provided on-line from a computer database or electronic network, including the Internet, in Class 41 |

Opposers also claim prior common law rights in the marks HOLLYWOOD CASINO AND HOTEL and HOLLYWOOD HOTEL for "a wide array of hotel, bar, restaurant, lounge, facilities and services for banquets, meetings, and conferences, catering, hospitality, nightclub, event, entertainment, casino and gaming services, and related services."[5]

As grounds for opposition, Opposers assert claims of likelihood of confusion under Trademark Act Section 2(d), and geographic descriptiveness without acquired distinctiveness under Trademark Act Sections 2(e)(2) and (f).

Applicant now moves for summary judgment arguing that Opposers' claims are precluded by the judgment in Opposition No. 91203686 (the "Prior Opposition"). In support of its motion, Applicant submitted the declaration of Kamran Fattahi, Applicant's attorney of record, with attached exhibits comprising salient documents from the Prior Opposition.

---

[5] 14 TTABVUE 3, 7, ¶¶ 2, 6.

7

Opposer Hollywood Casinos, LLC ("Hollywood Casinos")[6] was the plaintiff/opposer in the Prior Opposition, which was filed February 6, 2012 against application Serial No. 85281324 for the standard character mark HOLLYWOOD HOTEL ("HOTEL" disclaimed, and which claimed acquired distinctiveness for the mark in whole under Section 2(f) of the Trademark Act, 15 U.S.C. § 1052(f)) for "Bar and cocktail lounge services; Hotel, restaurant and catering services; Providing social meeting, banquet and social function facilities; Provision of conference, exhibition and meeting facilities" ("the '324 Application").[7]. The '324 Application was filed on March 30, 2011, identifying Chateau Celeste, Inc. ("Chateau Celeste") as the applicant.[8] The originally pleaded ground for the Prior Opposition was likelihood of confusion based on two of the pleaded registrations in this case: Registration No. 1851759 for the mark HOLLYWOOD CASINO for "casino services" ("the '759 Registration") and Registration No. 1903858 for the mark HOLLYWOOD CASINO for "hotel services" "(the '858 Registration").[9]

In February 2014, Hollywood Casinos moved for leave to add a claim that the HOLLYWOOD HOTEL mark is primarily geographically descriptive of the identified

---

[6] The Prior Opposition was originally lodged by Hollywood Casinos Corp., predecessor-in-interest to Opposer Hollywood Casinos, LLC. Due to a corporate merger on October 18, 2013, Hollywood Casinos Corp. ceased to exist and Hollywood Casinos LLC was substituted as the opposer on July 16, 2014.

[7] The identification of services in the involved application as filed was identical to the identification in the '324 Application. The involved application's identification was amended by post-publication amendment on September 1, 2022 to add "all of the foregoing excluding the provision of, and facilities offering, casino services, casino-style games, betting, gambling, gaming machines, gaming contests, wagering games, slot games, and horse races."

[8] Fattahi Decl., 18 TTABVUE 28.

[9] *Id.*

services. The Board denied Hollywood Casinos' motion to amend, explaining that, although Hollywood Casinos had not acted in bad faith and there would be no prejudice to Applicant Chateau Celeste, Hollywood Casinos had waited too long to seek leave to amend the notice of opposition. The Board did not consider whether the amendment was legally sufficient.[10]

In September 2014, Hollywood Casinos filed a motion for summary judgment in the Prior Opposition arguing that, based on a discovery deposition of Chateau Celeste, the '324 Application was void ab initio because Chateau Celeste was not the owner of the mark at the time the application was filed. As part of that motion for summary judgment, Hollywood Casinos sought leave to amend its pleading to assert a claim of non-ownership.[11] On December 14, 2015, the Board denied the motion for summary judgment on the non-ownership claim, but granted Hollywood Casinos' motion for leave to amend its pleading to assert the claim.[12]

The Prior Opposition proceeded to trial based on two grounds: (1) the Section 2(d) claim for likelihood of confusion; and (2) the claim that the subject application for the mark HOLLYWOOD HOTEL was void ab initio because Chateau Celeste was not the owner of the mark at the time the application was filed.

On July 2, 2019 the Board issued a final decision in favor of Hollywood Casinos on its non-ownership claim, holding that the subject application for the HOLLYWOOD HOTEL mark was filed by an entity that did not own the mark on the

---

[10] *Id.* at 37.
[11] *Id.* at 47.
[12] *Id.* at 87.

application filing date, and as such, was void ab initio under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a).[13] In reaching this conclusion, the Board also found that the Applicant in the present action, Zarco Hotels Incorporated ("Zarco Hotels"), which owned and operated the physical HOLLYWOOD HOTEL property, had not legally assigned or transferred the mark to Chateau Celeste before the filing of the '324 Application, such that Zarco Hotels was always the owner of the HOLLYWOOD HOTEL mark, including at the time of filing of the '324 Application and continuing to the date of the Board's decision.[14] The Board did not reach a decision on Hollywood Casinos' likelihood of confusion claim.

On September 3, 2019, Chateau Celeste filed a notice of appeal, appealing the Board's final decision to the United States Court of Appeals for the Federal Circuit. On January 7, 2020, during the pendency of the appeal, Chateau Celeste filed an assignment of ownership of the '324 Application to Zarco Hotels, and on January 15, 2020 a motion was filed to substitute Zarco Hotels as the applicant and appellant in place of Chateau Celeste. The motion was granted by the Federal Circuit's order of February 26, 2020, and Zarco Hotels was substituted as the appellant in connection with the appeal of the Prior Opposition.[15] In its order, the Circuit Court stated that "granting this motion does not reflect any determination on any issues concerning ownership of the trademark, which are ultimately left to the merits panel assigned to hear this case."[16] On November 9, 2021, the Federal Circuit affirmed the final

---

[13] *Id.* at 168.
[14] *Id.* at 197-204.
[15] *Id.* at 228.
[16] *Id.* at 229.

decision of the Board.[17] On November 10, 2021, Applicant filed the application involved in the current proceeding.

## III. The Parties' Arguments

Applicant argues that the doctrine of claim preclusion applies in this case because the parties to this proceeding were parties (and/or in privity with parties) in the Prior Opposition involving an application for registration of the same mark for the same services. Applicant claims that it is in privity with Chateau Celeste because (1) the two entities are closely held, family-owned businesses with the same CEO, and share common interests;[18] and (2) the "corporate entities were aligned and shared the same common interests in the subject matter of both proceedings."[19] Applicant also asserts that Chateau Celeste assigned the HOLLYWOOD HOTEL mark, its associated goodwill, and the '324 Application to Applicant during the Federal Circuit appeal of the Prior Opposition.[20] Applicant further claims that there was a final judgment on the merits in the prior opposition[21] and the instant opposition is based on and/or arises from the same transactional facts.[22] Applicant argues that, as a result, Opposers are precluded from bringing the following claims: (1) the HOLLYWOOD HOTEL mark is geographically descriptive and has not acquired distinctiveness; and (2) likelihood of confusion under Section 2(d), to the extent that it is based on or relies

---

[17] *Id.* at 232-33.
[18] *Id.* at 15.
[19] *Id.* at 16.
[20] *Id.*
[21] *Id.* at 14.
[22] *Id.* at 17-20.

upon any of Opposers' common law or registered marks that allegedly existed during the pendency of the Prior Opposition but were not pleaded in the Prior Opposition.

Opposers counter that claim preclusion does not apply in the present case because there was in the Prior Opposition no final judgment on the merits of the claims asserted in this proceeding: namely, likelihood of confusion and geographic descriptiveness.[23] Opposers further argue that Applicant and Chateau Celeste are not in privity, as the two entities are not related companies, and Applicant only had a right to defend the Prior Opposition but never owned proprietary rights in the subject mark.[24] Finally, Opposers contend that the instant proceeding is not based upon the same set of transactional facts as the Prior Opposition.[25]

## IV.  Analysis

### A. Legal Standard

Entry of summary judgment is appropriate only where there are no genuine disputes as to any material facts, thus allowing the case to be resolved as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great Am. Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992); *NPG Records, LLC,* 2022 USPQ2d 770, at *1-2. Evidence on summary judgment must be viewed in a light favorable to the non-

---

[23] 21 TTABVUE 12.
[24] *Id.* at 16-17.
[25] *Id.* at 18-23.

movant, and all justifiable inferences are to be drawn in the non-movant's favor. *Lloyd's Food Prods., Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Opryland USA*, 23 USPQ2d at 1472. The Board may not resolve genuine disputes as to material facts on summary judgment; it may only ascertain whether genuine disputes as to material facts exist. *See Lloyd's Food Prods.*, 25 USPQ2d at 2029; *Olde Tyme Foods*, 22 USPQ2d at 1542.

## B. Claim Preclusion

Under the doctrine of claim preclusion (res judicata), the entry of a final judgment "on the merits" of a claim (i.e., cause of action) in a proceeding serves to preclude the relitigation of the same claim in a subsequent proceeding between the parties or their privies, even in those cases where the prior judgment was the result of a default or consent. *Daimler Chrysler Corp. v. Maydak*, 86 USPQ2d 1945, 1948 (TTAB 2008) (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955); *Chromalloy Am. Corp. v. Kenneth Gordon, Ltd.*, 736 F.2d 694, 222 USPQ 187, 189 (Fed. Cir. 1984)); *Flowers Indus., Inc. v. Interstate Brands Corp.*, 5 USPQ2d 1580, 1583 (TTAB 1987). Claim preclusion bars a plaintiff from a "subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief." *Vitaline Corp. v. Gen. Mills Inc.*, 891 F.2d 273, 13 USPQ2d 1172, 1174 (Fed. Cir. 1989) (citations omitted). That is, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Sharp K.K. v. ThinkSharp, Inc.*, 448 F.3d 1368, 79 USPQ2d 1376, 1378 (Fed. Cir. 2006) (quoting

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984)). Generally, this principle rests on the assumption that the parties could have requested all forms of relief in the first action. *Young Eng'rs Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 219 USPQ 1142, 1151 (Fed. Cir. 1983); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) (res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding").

The Federal Circuit has cautioned that "res judicata is not readily extended to claims that were not before the court" in the first action, and "precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial." *Sharp K. K.*, 79 USPQ2d at 1379 (quoting *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 39 USPQ2d 1949, 1952 (Fed. Cir. 1996)). "The public policy underlying the principles of preclusion, whereby potentially meritorious claims may be barred from judicial scrutiny, has led courts to hold that the circumstances for preclusion 'must be certain to every intent.'" *Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005) (citing *Russell v. Place*, 94 U.S. 606, 610 (1878)). The Board acts with cautious restraint when applying this equitable doctrine, in the interests of justice for the litigants and protection of the public from confusion. *Id.*; *see also Sharp K. K.*, 79 USPQ2d at 1379.

A second suit is barred by claim preclusion if (1) the parties (or their privies) are identical; (2) there has been an earlier final judgment on the merits of a claim; and

(3) the second claim is based on the same set of transactional facts as the first. *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000).

If a party cannot appeal the outcome of an earlier proceeding, then the second action is not barred under claim preclusion. *See AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357, 2019 USPQ2d 171683, at *4-5 (Fed. Cir. 2019) (it is "a traditional preclusion principle that neither claim nor issue preclusion applies when appellate review of the decision with a potentially preclusive effect is unavailable") (citations omitted); *Penda Corp. v. United States*, 44 F.3d 967, 33 USPQ2d 1200, 1204 (Fed. Cir. 1994) ("It is axiomatic that a judgment is without preclusive effect against a party which lacks a right to appeal that judgment."); *Valvoline Licensing & Intell. Prop. LLC v. Sunpoint Int'l Grp. USA Corp.*, 2021 USPQ2d 785, at *4 (TTAB 2021) ("where a party cannot appeal the outcome of an earlier proceeding (or cannot cross-appeal where the other party appealed), then the second action is not barred under [claim or issue] preclusion."); *see also Aviation Enters., Inc. v. Orr*, 716 F.2d 1403, 1407 (D.C. Cir. 1983) (appellate court lacked authority to consider appeal taken solely to secure review of findings that might have res judicata effect).

As a general rule, a prevailing party may not appeal from a favorable judgment simply to obtain review of findings it deems erroneous. *Mathias v. Worldcom Tech., Inc.*, 535 U.S. 682, 684 (2002) (per curiam) (citing *N.Y. Tel. Co. v. Maltbie*, 291 U.S. 645 (1934) (per curiam)); *Valvoline Licensing*, 2021 USPQ2d 785, at *3. This general rule is applicable to trademark inter partes proceedings. *See* Trademark Act Section 21(a)(1), 15 U.S.C. § 1071(a)(1) (right to appeal granted only to parties "dissatisfied

with the decision" of the Board); *Valvoline Licensing*, 2021 USPQ2d 785, at \*3. "In other words, if a plaintiff has obtained all of its requested relief, then it normally lacks standing to appeal." *Valvoline Licensing*, 2021 USPQ2d 785, at \*3 (citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980)); *see also Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 58 USPQ2d 1681, 1684 (Fed. Cir. 2001); 15A C. Wright, A. Miller & M. Kane, FED. PRAC. & PROC. CIV. § 3902 (3d ed. Apr. 2023).

As discussed below, claim preclusion does not apply to the facts, for which there is no genuine dispute, present in this case. Even assuming that the parties meet the first element of the claim preclusion defense requiring privity, the evidence of record demonstrates that Opposer Hollywood Casinos was successful in asserting its non-ownership claim and obtained the relief requested in the Prior Opposition (i.e., abandonment of the '324 Application after a successful opposition thereto which was affirmed on appeal). Also, because the Board did not reach the likelihood of confusion claim, Opposer Hollywood Casinos could not cross-appeal when Applicant appealed the Board's decision on the non-ownership claim. Opposer Hollywood Casinos also was unable to appeal the Board's denial of its motion to add a claim of geographic descriptiveness. As a result, Opposer Hollywood Casinos lacked statutory entitlement to appeal the prior decision of the Board.

Applicant concedes that Opposers' likelihood of confusion claim in the current proceeding is not barred in its entirety, but argues that such claim should be limited to the same grounds for likelihood of confusion set forth in the Prior Opposition, i.e.,

the '759 and '858 Registrations for HOLLYWOOD CASINO. Applicant argues that a "likelihood of confusion claim that is based on newly asserted common law and registered marks is a [sic] considered partially as a new claim that is brought for the first time in the instant proceeding and should be barred in the instant opposition under claim preclusion."[26] Similarly, Applicant argues that Opposers should be barred from asserting their geographic descriptiveness claim because such claim did not constitute a basis of relief sought in the Prior Opposition and, as such, "cannot be viewed as an unresolved claim that was actually a part of the prior opposition."[27]

Applicant's assertions are unavailing. Applicant's argument implicates the doctrine of "merger and bar," [28] wherein the Board must analyze whether a plaintiff can bring a subsequent claim against a defendant. *See Jet, Inc.*, 55 USPQ2d at 1856. The concept of a "claim" is described in the Restatement (Second) of judgments as follows:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

---

[26] 22 TTABVUE 8.

[27] *Id.* at 10.

[28] Restatement (Second) of Judgments defines the general rule of merger as follows:
When a valid and final personal judgment is rendered in favor of the plaintiff:
(1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and
(2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.
Restatement (Second) of Judgments § 18 (1982). The general rule of bar provides that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim. *Id.* at § 19.

(2) What factual grouping constitutes a "transaction," and what grouping constitutes a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24 (1982). Here, the Board has already determined (and Applicant concedes) that Opposers are not precluded from reasserting the Prior Opposition's claim of likelihood of confusion. Because Opposers' original likelihood of confusion claim is not extinguished, Opposers' amended likelihood of confusion claim based upon their additional registrations and common law rights that could have been raised in the Prior Opposition also is not extinguished. There is no reason why claim preclusion would apply to only the latter claim and not the former. *Cf. Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 2020 USPQ2d 10519, at *5 (2020) (citing *Brown*, 442 U.S. at 131 (claim preclusion "prevents litigation of *all grounds* for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding") (emphasis added)).

Indeed, in *Valvoline Licensing*, after determining that the opposer was not barred by claim preclusion from bringing the second action, the Board addressed the opposer's motion seeking leave to amend its notice of opposition to assert an additional registration that was not asserted in the previous action as an additional basis for its Section 2(d) claim. The Board granted the motion over the applicant's objections, stating that "in view of our determination above that res judicata and

18

collateral estoppel[29] cannot apply, Applicant's arguments related to Opposer's failure to assert Registration No. 4800587 in [the prior proceeding] are unavailing." *Valvoline Licensing*, 2021 USPQ2d 785, at *5. Because claim preclusion does not apply in this case, Opposers are not barred from asserting in their likelihood of confusion claim the additional registrations and common law rights.

With regard to Opposers' geographic descriptiveness claim, Hollywood Casinos unsuccessfully attempted to assert this claim in the Prior Opposition, but there was no final decision on the merits of this claim. Rather, the Board issued a non-final ruling denying as untimely Opposer's motion to amend the opposition to add this claim. That decision on the motion to amend was not appealable after the Board's final decision on the merits denying registration of the HOLLYWOOD HOTEL mark because Opposer Hollywood Casinos obtained all the relief it sought (i.e., abandonment of the '324 Application) through the decision on the merits of the ground of non-ownership.

In light of the foregoing, we hold, as a matter of law, claim preclusion does not apply, and Applicant's motion for summary judgment based upon claim preclusion is **denied**.

---

[29] Collateral estoppel, or issue preclusion, is defined as "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 39 USPQ2d 1492, 1500-01 (Fed. Cir. 1996) (quoting Restatement (Second) of Judgments § 27 (1982)). "A critical difference between these concepts [of claim preclusion and issue preclusion] is that issue preclusion operates only as to issues actually litigated, whereas claim preclusion may operate between the parties simply by virtue of the final judgment." *Young Eng'rs, Inc.,* 219 USPQ at 1150-51. Applicant has not argued issue preclusion in this case.

## V. Proceedings Resumed

Proceedings are resumed. Applicant's answer to Opposers' amended notice of opposition is due **twenty (20) days** from the date of this order. Remaining proceeding dates are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | 7/20/2024 |
| Discovery Opens | 7/20/2024 |
| Initial Disclosures Due | 8/19/2024 |
| Expert Disclosures Due | 12/17/2024 |
| Discovery Closes | 1/16/2025 |
| Plaintiff's Pretrial Disclosures Due | 3/2/2025 |
| Plaintiff's 30-day Trial Period Ends | 4/16/2025 |
| Defendant's Pretrial Disclosures Due | 5/1/2025 |
| Defendant's 30-day Trial Period Ends | 6/15/2025 |
| Plaintiff's Rebuttal Disclosures Due | 6/30/2025 |
| Plaintiff's 15-day Rebuttal Period Ends | 7/30/2025 |
| Plaintiff's Opening Brief Due | 9/28/2025 |
| Defendant's Brief Due | 10/28/2025 |
| Plaintiff's Reply Brief Due | 11/12/2025 |
| Request for Oral Hearing (optional) Due | 11/22/2025 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at

final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).